**Judith WEBSTER, Plaintiff,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a corporation of the State of Illinois, Defendant.**

Superior Court of Delaware, New Castle.

Submitted Aug. 18, 1975.

Decided Oct. 27, 1975.

---

Stephen B. Potter, Wilmington, for plaintiff.

F. Alton Tybout, Tybout & Redfearn, Wilmington, for defendant.

WALSH, Judge.

Plaintiff, Judith Webster, initiated this action to recover for so-called "no-fault insurance" benefits under the provisions of her contract of insurance with the defendant, State Farm Insurance Company. Defendant has moved for summary judgment on the basis that plaintiff has split her cause of action since she failed to join State Farm as a defendant in a separate tort action filed against the operator of the automobile whose alleged negligence caused the accident which gave rise to the claim for no-fault benefits.

The precipitating accident occurred on July 19, 1972, and during the ensuing twelve months plaintiff applied for and received no-fault benefits from State Farm for medical expenses and lost wages. A disagreement arose between plaintiff and State Farm concerning her entitlement to benefits beyond the twelve month period. In 1974, plaintiff filed suit in this Court against the alleged tort-feasor for damages in excess of those provided by her no-fault benefits (*Webster v. Drozdov, et al.,* Civil Action No. 499, 1974). The matter ultimately proceeded to trial and on February 24, 1975, resulted in an award of damages.[1] On March 21, 1975, plaintiff commenced

---

1. This award was appealed and, subsequent to the briefing in this case, was reversed by the Delaware Supreme Court on the issue of damages.

the present action to recover those damages not claimed in the previous action by reason of the statutory exclusion reflected in 21 Del.C. § 2118(g).[2]

In essence, the Court is asked to decide whether a plaintiff may maintain two separate actions—one against a tort-feasor and the other against her no-fault insurance carrier, both arising out of a single accident, without violating the common law rule against splitting a cause of action or the provisions of Delaware's No-Fault Insurance Statute (21 Del.C. § 2118).

Plaintiff contends that while the accident was the precipitating cause of both lawsuits the causes of action are distinctly different since the prior litigation was based on negligence while the present suit involves a contractural dispute between herself and her no-fault insurance carrier. Indeed, plaintiff argues, the statutory prohibition against the introduction of proof of no-fault damages is a clear intimation that the recovery for such damages should be no part of the third-party litigation. State Farm, on the other hand, argues that the language of § 2118(g) does not preclude recovery of the no-fault benefits from plaintiff's own insurance carrier in the same lawsuit and, had plaintiff originally joined State Farm in her action against Drozdov, not only would the no-fault dispute be resolved but State Farm would have been in a position to assert its subrogated interest for benefits already paid.

■ The common law rule against the splitting of one cause of action is rooted in the need to protect a defendant from a multiplicity of suits and their attendant harassment. *White v. Metzer,* Del.Super., 2 Storey 449, 159 A.2d 788 (1960). An equally compelling consideration is one founded on public policy: piecemeal litigation of a single cause of action is contrary to the orderly administration of justice. 1 Am.Jur.2d *Actions* § 128.

■ Two factors loom large in a determination of whether there has been a splitting of a cause of action. First, whether there are different bases for recovery and secondly, whether there is an identity of parties.[3] While traditional concepts aid in this analysis, the effect of the Delaware No-Fault act must be the dominant consideration since statutory restrictions may override policy considerations.

■ Are these actions distinguishable on the bases of recovery? The first suit was clearly a tort action involving both disputed liability and the measure of damages. In the absence of no-fault benefits, the plaintiff would have pleaded and claimed for all damages attributable to the accident. The no-fault statute, however, requires that plaintiff look to different entities for total recovery—her own insurance carrier for special damages under $10,000 and the alleged tort-feasor for general unlimited damages. This suit arises *ex contractu,* with the primary issue not negligence but causation and medical ascertainability of damages within twelve months of the accident.

From the viewpoint of identity of parties or privity the lawsuits are obviously dissimilar. The Delaware cases which have applied the prohibition against splitting involved a common defendant. In *Levitt v.*

---

2. 21 Del.C. § 2118(g)—"Any person eligible for benefits described in subsections (a)(2) or (a)(3), other than an insurer in an action brought pursuant to subsection (f), is precluded from pleading or introducing into evidence in an action for damages against a tort-feasor those damages for which compensation is available under subsection (a)(2) or (a)(3) without regard to any elective reduc-

tions in such coverage and whether or not such benefits are actually recoverable."

3. To some extent, these considerations also bear upon the defense of *res judicata,* but the latter is a "pure" defense resting primarily upon the principle of the finality of previously determined issues of fact. *Epstein v. Chatham Park, Inc.,* Del.Super., 2 Storey 56, 153 A.2d 180 (1959).

*Simco Sales Service of Penna.*, Del.Super., 11 Terry 552, 135 A.2d 910 (1957), the Court dismissed an action for personal injuries on behalf of a plaintiff who had earlier sued the same defendant in another state for property damage arising from the same accident. The Court there noted that the emphasis must be placed on the tortious acts rather than the injury resulting therefrom. Similarly, in *Malone Freight Lines, Inc. v. Johnson Motor Lines, Inc.*, Del.Super., 2 Storey 286, 156 A.2d 788 (1959), Judge Christie refused to permit a second action by a subrogated insurer in the name of its insured against the same defendant who, in an earlier suit, had demonstrated its non-liability for the same accident. The Court ruled there could be no separate adjudication of a claim which could have been asserted in the earlier suit on behalf of the real party in interest—the insured.

Of course, it can be argued that both plaintiff and State Farm are pursuing a common interest—to lay all damages at the door of the defendant tort-feasor. Thus it would appear appropriate to seek that result in one lawsuit rather than two. The weakness of this position is apparent. State Farm is the wrong party to assert a splitting on these lines since the prejudice of multiple suits is not upon it but upon the tort-feasor and his carrier. State Farm was not a party in interest in the first suit, made no effort to assert its subrogated interests in a separate action which could have become the subject of consolidation and runs no risk of being forced to defend twice.

■ As previously noted, the Delaware no-fault law contemplates that two distinct entities should respond to an injured plaintiff. The injured party seeking general and special damages has no choice but to withhold evidence of special damages in a suit against a tort-feasor. Section 2118(g) so requires. The spirit, if not the letter of the no-fault statute encourages the injured

party to seek redress from his own carrier for special damages incurred within the year following the accident as a method of avoiding litigation and, where litigation ultimately ensues, the statute seeks to limit that proceeding to general damages.

State Farm argues that the wisdom, if not the necessity, of joining an action for no-fault benefits with a suit against a tort-feasor has been established in *DeVincentis v. Maryland Casualty Company*, Del.Super., 325 A.2d 610 (1974). *DeVincentis* also involved a dispute between a plaintiff and his no-fault carrier in one action and a later, concurrent, suit between the plaintiff and the alleged tort-feasor. In *DeVincentis* consolidation of the actions had been ordered but Judge Taylor agreed to examine the merits of that consolidation upon the objection of the defendant tort-feasor. Significantly, in *DeVincentis* both the plaintiff and the no-fault carrier favored consolidation and argued that the ordinary rules of joinder should apply to permit a single trial against a common opponent.

■ In *DeVincentis*, Judge Taylor noted that the separate recoveries authorized under the no-fault law resulted in a split cause of action but viewed the result as an "incidental result and not an objective" of the statute. Indeed, Judge Taylor's decision to permit joinder of two causes of action at the request of both parties in one action (the plaintiff and his no-fault carrier) and one party (the plaintiff) in the second action, before trial, over the objection of the party ultimately charged, represents a proper exercise of the availability of joinder. But *DeVincentis* does not speak to the question of the initial *obligation* for joinder, it merely stands for the principle that § 2118 does not necessarily prohibit joinder. Although joinder of actions against two separate parties is permitted under Rule 20 of the Superior Court Civil Rules, it is only required under

Rule 19(a)[4] conditions—none of which are asserted here by State Farm. Of further significance, in *DeVincentis,* consolidation was ordered while both cases were in a pre-trial status. Here, State Farm seeks to impose the penalty of dismissal for failure to join two cases (as distinct from two controversies) which did not exist concurrently in this Court.

An additional consideration which inclines the Court against mandatory joinder is the disparity between the respective statute of limitations which apply in suits for personal injury (2 years) and suits arising *ex contractu* (3 years). Theoretically, an insured could be in the process of receiving no-fault benefits, without dispute, from his own carrier but elect to file suit against the tort-feasor, well within the two year period of limitation, and proceed to trial on his general damage claim. If, after securing general damages, a dispute ensues between plaintiff and his no-fault carrier, is he precluded from litigating that controversy as a split cause of action, even though the three year statute of limitations has not expired? This consideration takes on added importance in view of the recent amendment to the no-fault statute which enlarged the period for no-fault benefits from one to two years (59 Del. Laws C. 575). Mandatory joinder in such a situation would work a clear hardship on a plaintiff who followed the literal requirements of the no-fault statute.

I conclude that the plaintiff has two separate causes of action against two separate defendants, which she is entitled to pursue separately under the circumstances of this controversy. Defendant's motion for summary judgment is accordingly denied.

It is so ordered.

4. "(a) Persons to Be Joined if Feasible. A person who is subject to service of process and whose joinder will not deprive the Court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the Court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and his joinder would render the venue of the action improper, he shall be dismissed from the action."