385 A.2d 691 (1978)
NATIONWIDE INSURANCE COMPANY, Defendant below, Appellant,
v.
Herbert M. ROTHERMEL, Plaintiff below, Appellee.
Supreme Court of Delaware.
Submitted November 21, 1977.
Decided March 21, 1978.
Mason E. Turner, Jr. of Prickett, Ward, Burt & Sanders, Wilmington, for defendant below, appellant.
*692 Harry H. Rhodes, III, of Brown, Shiels & Barros, Dover, for plaintiff below, appellee.
Before HERRMANN, C. J., and DUFFY and McNEILLY, JJ.
McNEILLY, Justice (for the majority):
In this suit for recovery of personal injury protection benefits, defendant insurance company appeals from an order of the Superior Court granting plaintiff's motion for partial summary judgment on the issue of liability. In reaching our decision, we find it necessary to address only the issue of whether the applicable statute of limitations has run its course so as to bar the suit. The majority of this Court are of the opinion that the limitations period for plaintiff's cause of action has expired, and, therefore, we reverse.

I
On March 22, 1972, plaintiff was injured while riding in a vehicle driven by the insured when the car collided with another automobile. Plaintiff, after lengthy negotiations, recovered damages for his injuries from the driver of the other vehicle, and granted the driver a general release from further liability. However, plaintiff made no recovery from the defendant insurer of the vehicle in which he had been riding of the compensation to which he had a statutory right under 21 Del.C. § 2118(a)[1], known as the "no-fault" personal injury protection (PIP) benefits. Indeed, plaintiff made no claim for PIP benefits until after the settlement *693 and release. Plaintiff negotiated with defendant concerning payment of the benefits, and when the talks proved nonproductive, plaintiff instituted suit, filing in the Superior Court on March 5, 1975. Defendant's appeal followed the Superior Court's order granting summary judgment on the issue of liability in plaintiff's favor.

II
The Superior Court determined that plaintiff's cause of action arose under the provisions of 21 Del.C. § 2118, and being statutory in nature, the Court reasoned that the suit was governed by the three year limitation period expressed in 10 Del.C. § 8106.[2] Plaintiff was injured on March 22, 1972, and filed suit for personal injury protection benefits on March 5, 1975, within three years from the date of the accident. Therefore, the Superior Court ruled that the suit was timely.
The difficulty with the Superior Court decision is that it ignores the proviso contained in the final sentence of 10 Del.C. § 8106 which makes the entire section, inter alia, subject to the provisions of 10 Del.C. § 8119.[3] Compare Tilden v. Anstreicher, Del.Supr., 367 A.2d 632 (1976). Section 8119 provides a two year period of limitations for "any action for the recovery of damages upon a claim for alleged personal injuries". While plaintiff's claim is statutory in nature, it is based upon his alleged personal injuries, and thus, falls within the ambit § 8119 through the "subject to" proviso of § 8106, and is governed by the limitations period expressed in § 8119.
The No-Fault Statute did not change the nature of the plaintiff's claim from a claim for damages arising from a personal injury; the Statute simply permitted limited recovery for the personal injury, without regard for fault.
Plaintiff's suit was filed after two years had expired from the date of the accident, and consequently, the action is barred by 10 Del.C. § 8119.
This conclusion is consistent and harmonious with the two-year limitation period controlling the insurer's right of subrogation, based as it is upon the statute of limitations applicable to the injured party's tort claim, i. e., § 8119. It would create an unreasonable anomaly to hold that a claim against an insurer for no-fault benefits arising out of a personal injury is subject to a different and longer limitations period than the insurer's subrogation right against the tort feasor. It would give rights to both an injured party and his insurer arising out of the same event but subject them to different statutes of limitations. This result, we believe, is unreasonable and could not have been the legislative intent.

* * * * * *
Reversed and Remanded with instructions to dismiss the action.
DUFFY, Justice (dissenting):
I regret that I cannot agree with the Court's analysis of the legal problem before us, nor with its conclusion.
Basically, I think that Judge Walsh's construction of the "no-fault" statute, announced in Webster v. State Farm Mutual *694 Automobile Ins. Co., Del.Super., 348 A.2d 329, 332 (1975), and followed by him in this case, is correct; he said this:
". . . [T]he Delaware no-fault law contemplates that two distinct entities should respond to an injured plaintiff. The injured party seeking general and special damages has no choice but to withhold evidence of special damages in a suit against a tort-feasor. Section 2118(g) so requires."
One who is injured while riding as a passenger in an automobile, as was the plaintiff, thus has two causes of action: one against the alleged tort-feasor based upon traditional negligence principles, and another against the insurance company based upon the no-fault statute. 21 Del.C. § 2118.
I understand the Court's desire to harmonize the statutes of limitations applicable to those two separate causes of action, but we may not engage in judicial legislation to effect that result when the provisions of the applicable statutes are clear and unambiguous. Cf. Layton v. Allen, Del.Supr., 246 A.2d 794, 798 (1968). In my view, they are quite clear and we should follow them. To begin, 10 Del.C. § 8106 plainly applies a three-year limitations period to an "action based on a statute."[1] It is undisputed that, but for the no-fault law, plaintiff would not have a cause of action against Nationwide Insurance Company. Thus his "action is based" on § 2118 and governed by the three-year period.
A majority of the Court, however, concludes that the no-fault statutory claim is not a statutory claim but is, rather, a claim "for personal injuries" and thus subject to the § 8119 exception which appears in § 8106.[2]
The Court's reasoning appears to be that plaintiff's claim is statutory in nature but is governed by § 8119 because it is based upon alleged personal injuries. That is a distinction which is not made by the Statutes. Section 8106 does not exclude from the three-year provision a claim which is only statutory in nature, and § 8119 does not include in the two-year provision a claim based upon alleged personal injuries. Section 8119 applies, in so many words, to "a claim for alleged personal injuries" (emphasis added).
This action is for the recovery of medical expenses and lost earnings; it is not for the recovery of damages for personal injuries. The whole rationale of the no-fault concept, as I understand it, is that the "personal injury" aspect of a negligence claim is litigated in the same way as it was before the no-fault statute became law. But in an action for those damages, that is, for the personal injuries, a claim may not be made against the tort-feasor for damages for which compensation is available under 21 Del.C. § 2118(a)(2) or (3).[3]
As the Trial Judge pointed out, the result he reached shows a limitations anomaly but it is legislatively conceived and should not be judicially eliminated.

* * * * * *
I would affirm the judgment of the Superior Court.[4]
NOTES
[1] 21 Del.C. § 2118(a) reads in full as follows:

(a) No owner of a motor vehicle registered in this State, other than a self-insurer pursuant to § 2906 of this title, shall operate or authorize any other person to operate such vehicle unless the owner has insurance on such motor vehicle providing the following minimum insurance coverage:
(1) Indemnity from legal liability for bodily injury, death or property damage arising out of ownership, maintenance or use of the vehicle to the limit, exclusive of interest and costs, of at least the limits prescribed by the Financial Responsibility Law of this State.
(2) Compensation to injured persons for reasonable and necessary expenses for medical, hospital, dental, surgical, medicine, X-ray, ambulance or prosthetic services, professional nursing, and funeral services and for loss of earnings and reasonable and necessary extra expense for personal services which would have been performed by the injured person had he not been injured, arising out of an accident involving such motor vehicle and incurred or medically ascertainable within 12 months of said accident. This compensation shall have minimum limits of $10,000 for any 1 person and $20,000 for all persons injured in any 1 accident. The compensation for funeral services pursuant to subsection (a)(2) shall not exceed the sum of $2,000 per person.
a. The coverage required by subsection (2) shall be applicable to each person occupying such motor vehicle and to any other person injured in an accident involving such motor vehicle other than an occupant of another motor vehicle.
b. The owner of a vehicle may elect to have the coverage described in subsection (2) written subject to certain deductibles, waiting periods, sublimits, percentage reductions, excess provisions and similar reductions offered by insurers in accordance with filings made by such insurers with the Department of Insurance, applicable to expenses incurred as a result of injury to the owner of the vehicle or members of his household; provided that the owner of a motorcycle may elect to exclude from such coverage expenses incurred as a result of injury to any person riding such vehicle while not on a highway and in any case of injury when no other vehicle is involved by actual collision or contact. This election must be in writing and signed by the owner of the vehicle; insurers issuing such policies may not require such reductions.
(3) Compensation for damage to property arising as a result of an accident involving the motor vehicle, other than damage to a motor vehicle, aircraft, water craft, self-propelled mobile equipment and any property in or upon any of the aforementioned, with the minimum limits of $5,000 for any 1 accident.
(4) Compensation for damage to the insured motor vehicle, including loss of use of the motor vehicle, not to exceed the actual cash value of the vehicle at the time of the loss and $10 per day, with a maximum payment of $300 for loss of use of such motor vehicle.
The owner of the motor vehicle may elect to exclude, in whole or in part, the coverage described in this subsection by the use of certain deductibles and exclusions in accordance with filings made by the insurer with the Department of Insurance.
Note that 21 Del.C. § 2118(a) was extensively amended in 1977. However, the amendments have no legal effect on the case sub judice.
[2] 10 Del.C. § 8106 reads in full as follows:

§ 8106. Actions subject to 3 year limitation.
No action to recover damages for trespass, no action to regain possession of personal chattels, no action to recover damages for the detention of personal chattels, no action to recover a debt not evidenced by a record or by an instrument under seal, no action based on a detailed statement of the mutual demands in the nature of debit and credit between parties arising out of contractual or fiduciary relations, no action based on a promise, no action based on a statute, and no action to recover damages caused by an injury unaccompanied with force or resulting indirectly from the act of the defendant shall be brought after the expiration of 3 years from the accruing of the cause of such action; subject, however, to the provisions of §§ 8108-8110, 8119 and 8127 of this title.
[3] 10 Del.C. § 8119 reads in full as follows:

§ 8119. Personal injuries.
No action for the recovery of damages upon a claim for alleged personal injuries shall be brought after the expiration of 2 years from the date upon which it is claimed that such alleged injuries were sustained; subject, however, to the provisions of § 8127 of this title.
[1] 10 Del.C. § 8106 provides in part:

"... [N]o action based on a statute,. . . shall be brought after the expiration of 3 years from the accruing of the cause of such action; subject, however, to the provisions of ... § 8119 ... of this title."
[2] 10 Del.C. § 8119 provides as follows:

"No action for the recovery of damages upon a claim for alleged personal injuries shall be brought after the expiration of 2 years from the date upon which it is claimed that such alleged injuries were sustained...."
[3] 21 Del.C. § 2118(g) states:

"Any person eligible for benefits described in paragraph (2) or (3) of subsection (a) of this section other than an insurer in an action brought pursuant to subsection (f) of this section, is precluded from pleading or introducing into evidence in an action for damages against a tort-feasor those damages for which compensation is available under paragraph (2) or (3) of subsection (a) of this section without regard to any elective reductions in such coverage and whether or not such benefits are actually recoverable."
[4] There would be no unfairness to defendant Nationwide Mutual Insurance Company in such a result. Nationwide was also the liability carrier for the alleged tort-feasor and participated in the defense of the action brought by plaintiff against him. The Court below specifically found that Nationwide had "knowledge of... [that] ... suit, the manner of its settlement and, presumably, the extent of plaintiff's injuries."