DUFFY, Justice
(dissenting):
I regret that I cannot agree with the Court’s analysis of the legal problem before us, nor with its conclusion.
Basically, I think that Judge Walsh’s construction of the “no-fault” statute, announced in Webster v. State Farm Mutual *694 Automobile Ins. Co., Del.Super., 348 A.2d 329, 332 (1975), and followed by him in this case, is correct; he said this:
“. . . [T]he Delaware no-fault law contemplates that two distinct entities should respond to an injured plaintiff. The injured party seeking general and special damages has no choice but to withhold evidence of special damages in a suit against a tort-feasor. Section 2118(g) so requires.”
One who is injured while riding as a passenger in an automobile, as was the plaintiff, thus has two causes of action: one against the alleged tort-feasor based upon traditional negligence principles, and another against the insurance company based upon the no-fault statute. 21 Del.C. § 2118.
I understand the Court’s desire to harmonize the statutes of limitations applicable to those two separate causes of action, but we may not engage in judicial legislation to effect that result when the provisions of the applicable statutes are clear and unambiguous. Cf. Layton v. Allen, Del.Supr., 246 A.2d 794, 798 (1968). In my view, they are quite clear and we should follow them. To begin, 10 Del.C. § 8106 plainly applies a three-year limitations period to an “action based on a statute.”[1] It is undisputed that, but for the no-fault law, plaintiff would not have a cause of action against Nationwide Insurance Company. Thus his “action is based” on § 2118 and governed by the three-year period.
A majority of the Court, however, concludes that the no-fault statutory claim is not a statutory claim but is, rather, a claim “for personal injuries” and thus subject to the § 8119 exception which appears in § 8106.[2]
The Court’s reasoning appears to be that plaintiff’s claim is statutory in nature but is governed by § 8119 because it is based upon alleged personal injuries. That is a distinction which is not made by the Statutes. Section 8106 does not exclude from the three-year provision a claim which is only statutory in nature, and § 8119 does not include in the two-year provision a claim based upon alleged personal injuries. Section 8119 applies, in so many words, to “a claim for alleged personal injuries” (emphasis added).
This action is for the recovery of medical expenses and lost earnings; it is not for the recovery of damages for personal injuries. The whole rationale of the no-fault concept, as I understand it, is that the “personal injury” aspect of a negligence claim is litigated in the same way as it was before the no-fault statute became law. But in- an action for those damages, that is, for the personal injuries, a claim may not be made against the tort-feasor for damages for which compensation is available under 21 Del.C. § 2118(a)(2) or (3).[3]
As the Trial Judge pointed out, the result he reached shows a limitations anomaly but it is legislatively conceived and should not be judicially eliminated.
******
I would affirm the judgment of the Superior Court.[4]

. 10 Del.C. § 8106 provides in part:
“. . . [N]o action based on a statute, . . shall be brought after the expiration of 3 years from the accruing of the cause of such action; subject, however, to the provisions of . . . § 8119 . . .of this title.”

. 10 Del.C. § 8119 provides as follows:
“No action for the recovery of damages upon a claim for alleged personal injuries shall be brought after the expiration of 2 years from the date upon which it is claimed that such alleged injuries were sustained

. 21 DelC. § 2118(g) states:
“Any person eligible for benefits described in paragraph (2) or (3) of subsection (a) of this section other than an insurer in an action brought pursuant to subsection (f) of this section, is precluded from pleading or introducing into evidence in an action for damages against a tort-feasor those damages for which compensation is available under paragraph (2) or (3) of subsection (a) of this section without regard to any elective reductions in such coverage and whether or not such benefits are actually recoverable.”

.There would be no unfairness to defendant Nationwide Mutual Insurance Company in such a result. Nationwide was also the liability carrier for the alleged tort-feasor and partici *695 pated in the defense of the action brought by plaintiff against him. The Court below specifically found that Nationwide had “knowledge of [that] . . suit, the manner of its settlement and, presumably, the extent of plaintiff’s injuries.”