**Kim L. BURKE, Jeffrey L. Burke and Rosemary Dunfee, Appellees,**

v.

**Barbara W. ELLIOTT, Appellant.**

**No. 78–2647.**

United States Court of Appeals, Third Circuit.

Argued Aug. 7, 1979.

Decided Sept. 7, 1979.

B. Wilson Redfearn (argued), Colin M. Shalk, Wilmington, Del., for appellant.

Sidney Balick, Louis B. Ferrara (argued), Wilmington, Del., for appellees.

Before ALDISERT, VAN DUSEN and WEIS, Circuit Judges.

## OPINION OF THE COURT

WEIS, Circuit Judge.

This diversity case is based on a pedestrian's cause of action for personal injuries at the intersection of Delaware and Pennsylvania no-fault laws. The issue is whether the plaintiff can recover her medical expenses and loss of wages in a Delaware tort action stemming from an automobile accident in that state. The plaintiff actually

received reimbursement for her expenses under the terms of her own Pennsylvania no-fault insurance policy, but would have been eligible for a less generous amount under defendant motorist's Delaware policy. Eligibility under Delaware law, however, results in a pro tanto bar from recovery in a negligence action in that state. Because the accident occurred in Delaware, the forum state, which is loyal to *lex loci delicti*, we conclude that its statute should apply. Accordingly, the trial judge's ruling that the plaintiff could recover all her expenses will be vacated and the case remanded for determination of the amount which must be deducted from the judgment in her favor.

Plaintiff Kim Burke, a Pennsylvania resident, received severe injuries when struck by an automobile owned and operated by the defendant, a Delaware resident. Her husband, Jeffrey, and a companion, Rosemary Dunfee, were also injured, though far less seriously. Though the appeal includes all three claims, it is the case of Kim Burke which is the focus of concern in this court. At trial in the United States District Court for the District of Delaware, plaintiff claimed $43,156.91 in medical expenses and lost wages. The defendant objected on the ground that plaintiff had received this amount under her own insurance policy written in compliance with the Pennsylvania no-fault law and, additionally, because the Delaware statute prohibited recovery of sums which a victim was entitled to receive under Delaware's no-fault law. The court overruled the objections and submitted the claim for expenses to the jury, which awarded a total of $450,000 to the plaintiff.

The injury occurred on September 16, 1977, as plaintiff was walking through a parking lot on her way to a restaurant. The defendant, driving under the influence of alcohol, backed into the plaintiff, trapping her under the car. The auto continued its course, dragging the plaintiff across three lanes of the adjacent roadway until she struck a raised concrete medial barrier which dislodged her from the undercarriage of defendant's car. Defendant then left the scene of the accident, but was apprehended soon thereafter.

A partial list of plaintiff's injuries includes a ruptured bladder, a fracture of the pelvis, a fractured femur, a lacerated liver, part of which had to be removed, fractured ribs, pulmonary contusion, facial palsy, and infections of various parts of her body. She received extensive hospital treatment and is left with permanent impairments, including the probability that she will not be able to bear children.

The trial judge ruled that evidence of medical expenses and lost earnings would be admissible, based on his understanding that the plaintiff was not eligible for benefits under the Delaware no-fault law and that the payments under her Pennsylvania policy were irrelevant under Delaware's collateral source rule. Defendant conceded that she did have a liability policy in effect which included the no-fault coverage required by the Delaware statute.

The Delaware no-fault statute, enacted in 1971, is characterized as an "add-on" type, that is, it provides for certain payments to the victim of an automobile accident regardless of negligence while retaining the traditional tort system for recovery. Clark & Waterson, *"No-Fault" in Delaware*, 6 Rut.-Cam.L.J. 225, 225 (1974). The statute, Del.Code tit. 21, § 2118(a)(2)c (Cum.Supp.1977), includes among those entitled to its protection, occupants of motor vehicles and "any other person injured in an accident involving such motor vehicle." "The coverage required . . . shall apply to pedestrians only if they are involved in accidents within the State . . . ." *Id.* § 2118(a)(2)e. As a pedestrian, therefore, the plaintiff was eligible for the benefits provided by the defendant's no-fault coverage for medical expenses and lost wages.

The benefits conferred by the statute, however, are offset by another section providing that

"[a]ny person *eligible* for benefits . . . is precluded from pleading or introducing into evidence in an action for damages against a tort-feasor those damages for

which compensation is available . . . whether or not such benefits are actually recoverable." *Id.* § 2118(g) (emphasis supplied).

The wording of the statute thus clearly limits the evidence on damages which a plaintiff may introduce in an automobile accident case, and the Delaware trial courts have so construed that language. *See Webster v. State Farm Mutual Automobile Insurance Co.*, 348 A.2d 329, 332 (Del.Super. 1975); *DeVincentis v. Maryland Casualty Co.*, 325 A.2d 610, 612 (Del.Super.1974); *cf. Nationwide Insurance Co. v. Rothermel*, 385 A.2d 691 (Del.1978). The basic limits of the policy required by the statute applicable to an accident of the type litigated here would be $10,000. If defendant's policy had optional higher limits, then additional amounts would be payable and hence excluded as recoverable damages in a tort action.[1]

Were this a case involving only Delaware insurance policies, its disposition would be relatively simple. A complicating factor was introduced, however, by the plaintiff's decision to claim no-fault benefits as an insured under her policy written pursuant to the Pennsylvania no-fault law. Under the coverage mandated by the Pennsylvania statute, plaintiff was reimbursed in full for her medical expenses of $33,855.85 and for 90% of her lost wages totaling $9,301.06.

Unlike the Delaware statute, the Pennsylvania No-Fault Motor Vehicle Insurance Act abolishes tort liability, with certain exceptions, when an accident occurs within the state. Pa.Stat.Ann. tit. 40, § 1009.301 (Purdon Supp.1978). Pedestrians are covered and if they are insured under a Pennsylvania auto policy, may receive benefits for an accident arising out of state. *Id.* § 1009.201(b). The insurance carrier which pays minimum basic benefits may not subrogate against a tortfeasor, *id.* § 1009.111, and a victim may not prove or recover losses which have been reimbursed under the no-fault provisions. *Zagari v. Gralka*, —— Pa.Super.Ct. ——, 399 A.2d 755 (1979). Thus, had the accident occurred in Pennsylvania and the laws of that state applied, plaintiff would not be entitled to recover her expenses of $43,156.91.

The question, therefore, is one of conflict of laws. In a diversity action, the district court sitting in Delaware applies the conflict-of-laws rules of that state. *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). In Delaware, where, as previously noted, tort law applicable to automobile accidents has not been abolished, the "contacts" test espoused by such cases as *Babcock v. Jackson*, 12 N.Y.2d 473, 240 N.Y.S.2d 743, 191 N.E.2d 279 (1963), and *Griffith v. United Air Lines, Inc.*, 416 Pa. 1, 203 A.2d 796 (1964), has been rejected and the state continues to adhere to the traditional rule of *lex loci delicti*—the law of the place of injury controls. *Friday v. Smoot*, 58 Del. 488, 211 A.2d 594 (1965).

Because the injury occurred in Delaware, the issue of what may be recoverable in the tort action here is a matter of Delaware, rather than Pennsylvania law. The fact that plaintiff may have received reimbursement from her own policy for the expenses which she claimed at trial is not dispositive, since Delaware has adopted the collateral source rule. *Yarrington v. Thornburg*, 58 Del. 152, 205 A.2d 1 (1964). This doctrine provides that a tortfeasor has no right to benefit from payment the injured party received from a source unconnected with the defendant. Thus, the fact that plaintiff has received monies under the Pennsylvania no-fault policy is irrelevant in the Delaware tort situation.[2] The Dela-

---

1. The Delaware statute does allow subrogation by the paying insurance carrier against the tortfeasor or his carrier where the payments exceed the $10,000 minimum coverage. But the right of subrogation applies only when a tortfeasor's liability coverage has not been exhausted. The parties agree that in this case the amount of the verdict exceeds the policy limits and therefore there is no right of subrogation which the defendant's carrier can invoke. Del. Code, tit. 21, § 2118(f)(5) (Cum.Supp.1977).

2. The conflict of laws problem raised by the differing versions of no-fault laws enacted by various states is discussed in Kozyris, *No-Fault Automobile Insurance and the Conflict of Laws*

ware statute is applicable and prohibits introduction of claims to the extent they are payable under that law.

 Defendant contends that a new trial must be granted because of the admission of the total amount of plaintiff's bills. She argues that the jury was influenced by the expenses incurred and used a multiples factor in reaching its lump-sum verdict. We recognize that this is a widely held theory and may be valid in some situations. We believe, however, that it has no particular strength in the circumstances of this case. As our brief recitation of the facts indicates, the injuries here were multiple and extremely severe, the conduct of the defendant was aggravated, and was unlikely to arouse any feelings of sympathy, to say the least. We have no real expectation that on a retrial the amount awarded for general damages would be any less than determined by the jury here. Consequently, the error in admitting evidence of out-of-pocket loss may be cured by deducting from the verdict those sums for which the plaintiff was eligible under the Delaware statute. We cannot do so at this juncture because the extent of coverage available for plaintiff's expenses has not been established of record and, therefore, we must remand for a determination of that fact.

Defendant also contends that she should have been granted a continuance because a family emergency prevented her from being present during all of the testimony. The judge explained the defendant's absence to the jury so that no adverse inference could be drawn and she was present to testify. No prejudice resulting from the defendant's absence during any portion of the trial has been demonstrated to us and we find no abuse of discretion in the district court's refusal to postpone the trial.

As a final point, defendant calls our attention to an inadvertent error in the charge relating to future loss of earnings.

—*Cutting the Gordian Knot Home-Style*, 1972 Duke L.J. 331, and Kozyris, *No-Fault Insurance and the Conflict of Laws — An Interim Update*, 1973 Duke L.J. 1009. The author advocates

No exception, however, was taken to the instruction nor was a correction requested, as would have been proper under Fed.R. Civ.P. 51. We find no reversible error in this respect.

Accordingly, the judgment of the district court will be vacated and the case remanded for determination of an appropriate sum to be deducted from the amount of the verdict and for the entry of a new judgment.

requiring that no-fault laws of the domiciliary state govern recovery by its citizens in other states. Delaware's adherence to *lex loci delicti*, however, is at odds with such an approach.