Dolores HARPER, Plaintiff Below, Appellant,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant Below, Appellee.

No. 5, 1997.

Supreme Court of Delaware.

Submitted: Oct. 7, 1997.

Decided: Nov. 26, 1997.

Douglas B. Catts and Jeffrey J. Clark (argued), of Schmittinger & Rodriguez, P.A., Dover, for appellant.

Patricia L. Peterson (argued), Kenneth M. Doss, and Patricia Bartley Schwartz, of Casarino, Christman & Shalk, Wilmington, for appellee.

Before VEASEY, C.J., WALSH, HOLLAND, HARTNETT and BERGER, JJ. (constituting the Court en Banc).

HOLLAND, Justice:

The plaintiff-appellant, Dolores Harper ("Harper"), filed a complaint on July 29, 1996 in the Superior Court seeking personal injury protection ("PIP") benefits under her automobile insurance policy. That insurance coverage had been issued to her by the defendant-appellee, State Farm Mutual Automobile Insurance Company ("State Farm"). The automobile accident that caused Harper's injuries occurred on October 17, 1992.

The Superior Court granted State Farm's motion to dismiss Harper's complaint. The Superior Court held that Harper's cause of action for PIP benefits was time-barred by the two-year statute of limitations in 10 *Del.C.* § 8119. The Superior Court relied upon *Nationwide Insurance Company v. Rothermel,* Del.Supr., 385 A.2d 691 (1978).

▐ In this appeal, Harper argues the holding in *Rothermel* has been either overruled or superseded by subsequent amendments to the PIP provisions in Delaware's No–Fault Insurance Statute. 21 *Del.C.* § 2118 ("Section 2118"). As a result of those statutory amendments, Harper contends that lawsuits for PIP benefits are now causes of action "based on a statute" and, therefore, subject to the three-year statute of limitations found in 10 *Del.C.* § 8106. Harper further contends that her statutory cause of action for PIP benefits did not accrue until State Farm declined to pay her claim. Consequently, Harper contends that the complaint she filed in the Superior Court was timely.

This Court has concluded that Harper's arguments are correct. The judgment of the Superior Court is reversed. This matter must be remanded for further proceedings in accordance with this opinion.

### Facts

On October 17, 1992, while operating her own automobile, Harper was in a motor vehicle accident in Kent County, Delaware. At the time of the accident, State Farm insured her automobile and provided PIP coverage in accordance with Section 2118. Shortly after the accident, Harper began submitting bills to State Farm for PIP payments. For ap-

proximately two years, State Farm paid PIP benefits for the medical expenses submitted by or on behalf of Harper, with one exception.

State Farm refused to make payment for medical treatment received by Harper on September 20, 1994 and September 26, 1994. Harper submitted bills for the treatment to State Farm on or about October 6, 1994. On May 17, 1995, State Farm informed Harper that it had determined her September 1994 medical expenses were not covered by the PIP provisions in Harper's automobile insurance policy. Harper filed her complaint for PIP benefits against State Farm in the Superior Court on July 29, 1996.

### *Rothermel Decision* *Original No–Fault Statute*

Delaware's No–Fault Automobile Insurance Statute has never included its own statute of limitations. Lawsuits based upon statutory causes of action are subject to the three-year statute of limitations in 10 *Del.C.* § 8106.[1] Lawsuits based upon common law principles of negligence are subject to the two-year statute of limitations in 10 *Del.C.* § 8119.[2]

This Court first addressed what statute of limitations applied to causes of action for PIP benefits in the context of construing the original enactment of Delaware's No–Fault Automobile Insurance Statute. *Nationwide Ins. Co. v. Rothermel,* Del.Supr., 385 A.2d 691 (1978). The plaintiff in *Rothermel* was injured in an automobile accident on March 22, 1972, and filed a lawsuit for PIP benefits on March 5, 1975. *Id.* at 693. The Superior Court held that plaintiff's cause of action

---

1. The three-year statute of limitations in Section 8106 provides:

   No action to recover damage for trespass, no action to regain possession of personal chattels, no action to recover damages for the detention of personal chattels, no action to recover a debt not evidenced by a record or by an instrument under seal, no action based on a detailed statement of the mutual demands in the nature of a debit and credit between parties arising out of contractual or fiduciary relations, no action based on promise, no action based on a statute, and no action to recover

   damages caused by an injury unaccompanied with force or resulting indirectly from the act of the defendant shall be brought after the expiration of 3 years from the accruing of the cause of such action; subject, however, to the provisions of §§ 8108–8110, 8119 and 8127 of this title.
   10 *Del.C.* § 8106.

2. Actions "for the recovery of damages upon a claim for alleged personal injuries" are governed by a two-year statute of limitations from the date of the accident. 10 *Del.C.* § 8119.

arose under Section 2118[3] and was, therefore, governed by the three-year limitation period for actions "based on a statute" under 10 *Del.C.* § 8106. *Id.* In a divided decision, this Court reversed the Superior Court's judgment.

In *Rothermel*, the majority opinion harmonized the limitation period for an insured's cause of action against a PIP insurer with the limitation period for the PIP insurer's right of subrogation against the *individual* tortfeasor. The majority noted that a PIP insurer's subrogation rights against the tortfeasor were based on or derived from the plaintiff's cause of action against the tortfeasor for negligence. Consequently, the majority decided that a cause of action based upon the right to subrogation for PIP payments should be subject to the two-year limitation period in 10 *Del.C.* § 8119. *Nationwide Ins. Co. v. Rothermel*, 385 A.2d at 693. Accordingly, the majority declined to apply the 10 *Del.C.* § 8106 limitation period to the plaintiff's action against the PIP insurer because "[i]t would create an unreasonable anomaly to hold that a claim against an insurer for no-fault [PIP] benefits arising out of a personal injury is subject to a different and longer limitations period than the insurer's subrogation right against the [tortfeasor]." *Id.*

The *Rothermel* court based its reasoning on its reading of the no-fault statute that was in effect at the time of the accident in question. The *Rothermel* majority concluded that the existence of the no-fault statute did not change the fact that the plaintiff's claim for PIP benefits was still fundamentally a claim for damages arising from personal injury. *Id.* Therefore, the majority opinion held that causes of action for PIP benefits were subject to the two-year statute of limitations in 10 *Del.C.* § 8119. *Id.* The majority also held that the statute of limitations for actions against a PIP insurer began to run on the date of the accident. *Id.*

Justice Duffy, dissenting in *Rothermel*, would have affirmed the Superior Court's conclusion that actions for PIP benefits were

statutory in origin and, therefore, subject to the three-year statute of limitations in 10 *Del.C.* § 8106. *Nationwide Ins. Co. v. Rothermel*, 385 A.2d at 694 (Duffy, J., dissenting). In his *Rothermel* dissent, Justice Duffy relied upon a separate prior decision by the Superior Court in *Webster v. State Farm Mutual Automobile Insurance Company*, Del.Super., 348 A.2d 329, 332 (1975). *Id.* In *Webster*, Judge (now Justice) Walsh held that the Delaware No–Fault Insurance Statute "'contemplate[d] that two distinct entities should respond to an injured plaintiff.'" *Id.* (quoting *Webster v. State Farm Mut. Auto. Ins. Co.*, 348 A.2d at 332). According to Justice Duffy, citing the *Webster* holding, the injured party would seek both general and special damages in "two causes of action: one against the alleged tortfeasor based upon traditional negligence principles, and another against the insurance company based upon the no-fault statute." *Id.* The two distinct entities pursued by the injured person are the tortfeasor and the PIP carrier. *Id.*

In his dissent, Justice Duffy concluded that, because the plaintiff in *Rothermel* would have no cause of action against its insurer for PIP benefits (special damages) without the enactment of 21 *Del.C.* § 2118, the PIP cause of action was "based on a statute." Justice Duffy distinguished the two claims, stating that "[t]his [PIP] action is for the recovery of medical expenses and lost earnings; it is not for the recovery of damages for personal injury." *Id.* As such, Justice Duffy concluded that the common law action for negligence would be subject to the statute of limitations for personal injury in 10 *Del.C.* § 8119, and the action against the PIP insurer for benefits would be subject to the three-year statute of limitations under 10 *Del.C.* § 8106.

### Rothermel Majority Rationale Superseded By Amendments

In this case, the Superior Court concluded that *stare decisis* compelled it to apply the majority holding in *Nationwide Insurance*

---

**3.** When *Rothermel* was decided, 21 *Del.C.* § 2118(a)(2) provided for "[c]ompensation to injured persons for reasonable and necessary expenses ... arising out of an accident involving [a motor vehicle registered in this State] and incurred or medically ascertainable within 12 months of said accident." *Rothermel*, 385 A.2d at 692 n. 1.

*Company v. Rothermel,* Del.Supr., 385 A.2d 691 (1978). Thus, Harper's action for benefits against her PIP insurer, State Farm, was dismissed because it was not filed within two years of the date of the accident. In *Rothermel,* however, this Court was asked to construe the statute of limitation relating to PIP provisions in the Delaware No–Fault Insurance Statute in essentially its original form. We have concluded that the subsequent amendments to Section 2118 have superseded the rationale of the majority's holding in *Rothermel.* Those amendments compel an interpretation of the current statute in accordance with the analysis of Justice Duffy's dissenting opinion in *Rothermel* and the Superior Court's prior holding in *Webster v. State Farm Mutual Automobile Insurance Company,* Del.Supr., 348 A.2d 329 (1975).

Although a claim for PIP benefits still arises from a personal injury, the current statute has at least four provisions that together demonstrate an unambiguous legislative intention to completely separate all litigation regarding the *statutory* right to PIP benefits from any independent cause of action at common law against a tortfeasor for personal injury.[4] First, the present statute provides that PIP benefits are paid to or for the policy holder by the insured's *own* carrier, *without regard to fault.* Second, the statute makes expenses, that are defrayed by the payment of PIP benefits, *inadmissible* in any lawsuit against an alleged tortfeasor. 21 *Del.C.* § 2118(h). Third, the PIP carrier no longer has a statutory right of subrogation for reimbursement against the *individual tortfeasor* who caused the injuries, but now subrogation actions can be maintained *only* against the *tortfeasor's automobile liability insurance carrier.* 21 *Del.C.* § 2118(g)(1). Fourth, since 1977, the no-fault statute has provided that "[n]o insurer or self-insurer shall join or be joined in an action by an injured party against a tortfeasor for the recovery of damage by the injured party and/or the recover of benefits paid by the insurer or self-insurer." 21 *Del.C.* § 2118(g)(4).[5] Thus, the General Assembly's

amendments through 1977 illustrate its intention to provide a wholly-separate, statutory remedy for PIP related causes of action.

New PIP provisions set forth in the 1982 amendments to Section 2118 reaffirmed that intention. When *Rothermel* was decided, Section 2118 provided PIP benefits only for injuries "ascertainable within 12 months" of the accident. *Nationwide Ins. Co. v. Rothermel,* 385 A.2d at 692 n. 1. There were no statutory exceptions or conditions for extensions. There were also no provisions addressing the submission of bills by the insured to the PIP carrier within any particular time frame. Section 2118 was amended in 1982. 63 *Del. Laws,* c. 405 § 1 (1982). The PIP provisions in Delaware's No–Fault Insurance Statute now provide:

> (1) Expenses under subparagraph a. of this paragraph shall be submitted to the insurer as promptly as practical, in no event *more than 2 years after they are received by the insured.*
>
> (2) Payments of expenses under subparagraph a. of this paragraph shall be made as soon as practical after they are received during the period of 2 years from the accident. Expenses which are incurred within the 2 years but which have been impractical to present to an insurer within the 2 years shall be paid if *presented within 90 days after the end of the 2–year period.*

21 *Del.C.* § 2118(a)(2)i (emphasis added).

The *statutory* rights and obligations of the PIP carrier and its insured, which must be included in an automobile insurance contract, are now set forth unambiguously in the current legislative mandates. The insured now has a general statutory right to receive PIP benefits for defined expenses that are incurred within two years of the accident date. 21 *Del.C.* § 2118(a)(2)h. The exceptions to that general rule are also defined by statute. *Id.* The insured has a reciprocal statutory obligation to submit claims for benefits

---

4. The first two of those PIP provisions were part of the original no-fault statute and the latter two PIP provisions were added by statutory amendments in 1977.

5. This provision was enacted in 1977 as 21 *Del.C.* § 2118(f)(4), in essentially the same form as it stands today. *See* 61 Del. Laws, c. 66 § 1 (1977).

promptly to the PIP carrier either within two years of receipt or within two years and ninety days of the accident. 21 *Del.C.* § 2118(a)(2)i.

The amended statute would be unworkable if causes of actions for the denial of PIP benefits are time-barred if they are not filed against the PIP carrier within two years of the accident date. The holding in *Rothermel* was reached when this Court was called upon to construe the statute of limitations for PIP benefits under the original 1972 no-fault statute. Because of the extensive changes in the no-fault statute since *Rothermel*, its rationale and holding no longer apply to the interpretation of Section 2118, as it is currently written. *See Opinion of the Justices*, Del.Supr., 295 A.2d 718, 721–22 (1972). We have concluded that the amendments to the Delaware No–Fault Insurance Statute have now completely separated common law actions against a tortfeasor for personal injury from both actions by an insured for PIP benefits and the statutory actions by the PIP insurer for subrogation against the tortfeasor's liability insurer.

### Statute of Limitations
### PIP Actions/Section 8106

■ Under the current Delaware No–Fault Insurance Statute, provisions relating to the eligibility for and receipt of PIP benefits in automobile contracts are entirely statutory in origin and operation. Accordingly, we hold that the three-year statute of limitations for statutory causes of action applies to lawsuits for PIP benefits by the insured against the PIP insurer. 10 *Del.C.* § 8106. Similarly, since the PIP insurer's right of subrogation is also entirely statutory in origin, we hold the same three-year statute of limitations applies to the PIP insurer's cause of action for subrogation against the tortfeasor's liability insurer. *Id.* The remaining question which must now be answered is: when do each of these two statutory causes of action accrue?

**6.** In *Spinelli*, this Court distinguished causes of action for PIP benefits from actions for uninsured motorist benefits. *Allstate Ins. Co. v. Spinelli*, 443 A.2d at 1290. *Spinelli* was also de-

### PIP Benefit Action
### Accrues Upon Denial

■ There is no cause of action until there is a right to bring suit or until a present remedy exists. *Mergenthaler v. Asbestos Corp. of America*, Del.Super., 534 A.2d 272, 276 (1987). This Court examined the timeliness of a claim for uninsured motorist benefits under 18 *Del.C.* § 3902 in *Allstate Ins. Co. v. Spinelli*, Del.Supr., 443 A.2d 1286 (1982).[6] We held that the cause of action accrues only upon breach of the contract. *Id.* at 1292. This Court noted that:

> [U]ntil a breach occurs, there is no justiciable controversy under the ... policy ... upon which a party may sue. So long as the parties to a contract perform in accordance with the bargained-for obligations, no party has cause to complain.

*Id.* This reasoning applies to claims for payments under any insurance contract, including the statutorily mandated no-fault PIP aspects in an automobile insurance policy. Therefore, we hold that the insured does not have a justiciable controversy for PIP benefits until a request for PIP payments has been denied by the PIP insurer, i.e., a cause of action then accrues.

### PIP Subrogation Action
### Accrues Upon Payment

■ The concern that this Court expressed in *Rothermel*, about a PIP insurer's right of subrogation against the *individual* tortfeasor, is no longer a relevant consideration because of the subsequent amendments to Section 2118. Delaware's current No–Fault Insurance Statute no longer permits a claim for subrogation by the PIP insurer against the *individual* tortfeasor. Instead, the PIP insurer's right of subrogation is limit *exclusively* to the tortfeasor's liability insurance coverage. 21 *Del.C.* § 2118(g)(1). Consequently, the PIP insurer's cause of action for subrogation will only involve litigation with the tortfeasor's liability insurer.

cided before the 1982 amendments to the PIP provisions in Delaware's no-fault statute. *See* 63 *Del. Laws*, c. 405, § 1 (1982).

An analysis of the present statute reflects why the PIP insurer's cause of action for subrogation against the tortfeasor's liability insurer does not accrue until PIP payments are made. In some circumstances, the PIP insurer must pay benefits more than two years after the date of accident. For example, the statute provides that certain bills for medical treatment may be presented to the PIP carrier more than 90 days *after* the two-year anniversary date of the accident. 21 *Del.C.* § 2118(a)(2)i.2. Additionally, surgical bills incurred more than the two years after the accident are compensable as PIP benefits, if a doctor certifies their necessity within two years of the accident date. 21 *Del.C.* § 2118(a)(2)a.3.

If the accrual of a PIP insurer's cause of action for subrogation began on the date of the accident, rather than upon payment of PIP benefits, the PIP insurer could not pursue subrogation regarding certain claims submitted pursuant to 21 *Del.C.* § 2118(a)(2)i, or with regard to surgical and dental procedures incurred in compliance with Section 2118(a)(2)a.3. That construction would make the amended statute unworkable. Consequently, the General Assembly could not have intended that the PIP insurer's cause of action for subrogation rights would accrue on the date of the accident. *See Opinion of the Justices,* Del.Supr., 295 A.2d 718, 721–22 (1972).

In this opinion, we have held that the PIP carrier's right of subrogation is a statutorily created cause of action. We have also held that the applicable statute of limitations for that cause of action is the three-year provision in 10 *Del.C.* § 8106. We further hold that a cause of action for the PIP insurer's statutory right of subrogation, against the tortfeasor's liability insurer, does not accrue until the PIP benefit is paid to or for its insured.[7] *See Chesapeake Utils. Corp. v. Chesapeake & Potomac Tel. Co.,* Del.Super., 401 A.2d 101, 102 (1979).

### *This Case*
### *Harper's PIP Action Timely*

Harper first gave her PIP carrier, State Farm, notice of her injuries soon after the October 17, 1992 accident. Harper presented all requests for payment of PIP benefits to State Farm within two years of receiving them.[8] Harper did not sustain an actionable wrong until there was a denial of her claim for PIP benefits by State Farm.

Harper's cause of action against State Farm for PIP benefits accrued when State Farm denied her request for payment. Harper had three years from that date to file a lawsuit against State Farm. 10 *Del.C.* § 8106. Accordingly, the complaint Harper filed in the Superior Court against State Farm for PIP benefits was timely.

### *Conclusion*

The judgment of the Superior Court is reversed. This matter is remanded for further proceedings, in accordance with this opinion.

---

7. *Accord* 46A C.J.S. *Insurance* § 1637 (1993 & Supp.1997) ("Under other authority, the limitations period applicable to rights created or imposed by statute ... has been held to apply to a no-fault insurance company's action to recover no fault benefits previously paid by it to insureds."). *Compare,* Annotation, *When Does Statute of Limitations Begin to Run Upon an Action by Subrogated Insurer Against the Third-Party Tortfeasor,* 91 A.L.R.3d 844 (1979 & Supp. 1997).

8. In this case, Harper submitted all of her expenses to State Farm within two years of the accident. Thus, there is no issue before this Court regarding either the operation or internal consistency of the two different statutory extensions of time for submitting claims in Sections 2118(a)(2)i.1 and 2.