IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

DONEGAL INSURANCE COMPANY, as    :
subrogee of DANIEL WARREN,    :
   :
     Plaintiff,    :
   :
   :
v.    :    C.A. No. S19C-11-001 RFS
   :
   :
JORDYN AMIYA CORIE LEWIS,    :
   :
   :
     Defendant.    :

## ORDER

Submitted: 2/19/2020
Decided: 4/15/2020

Cynthia G. Beam, Esq., Brandywine Plaza West, 1521 Concord Pike, Suite 305, Wilmington, DE 19803, Attorney for Plaintiff.

Patrick G. Rock, Esq., 800 Delaware Avenue, Suite 200, P.O. Box 128, Wilmington, DE 19899, Attorney for Defendant.

## I. **INTRODUCTION**

Before the Court is Jordyn Amiya Corie Lewis's ("Defendant") Motion to Dismiss and Motion for Summary. For the reasons that follow the motion to dismiss is granted. As a result, Defendant's motion for summary judgment is moot.

## II. **FACTUAL AND PROCEDURAL HISTORY**

Donegal Insurance Company ("Plaintiff") is an entity conducting the business of insurance. Plaintiff provides insurance coverage to Daniel Warren ("Warren"). On August 6, 2017, Warren was involved in a motor vehicle accident. The accident occurred at Jefferson Cross

1

Roads outside Milton, Delaware. While proceeding on the roadway, Warren's vehicle was struck by Defendant's vehicle.

On August 6, 2017, the day of the accident, a collision report was taken by the reporting officer. The collision report states that Defendant was traveling westbound, approaching a stop sign at the intersection of Cedar Creek Road. Warren was traveling northbound on Cedar Creek Road, approaching the stop sign. Defendant stopped at the stop sign and then proceeded forward striking Warren's vehicle on the right side. Warren stated that he saw Defendant stopped at the stop sign; however, when he approached the intersection, he saw Defendant proceed forward. It was too late for Warren to stop. Defendant was cited for failing to remain stopped at a stop sign. Neither party reported injuries.

As a result of the collision, Plaintiff paid $29, 736.00 on behalf of Warren for property damage. Plaintiff filed the initial complaint on January 24, 2019 seeking reimbursement for the $29,736.00 paid pursuant to its PIP policy.

Defendant is also insured through State Farm Mutual Automobile Insurance Company. Defendant's liability coverage is $10,000 for property damage. Defendant's insurer has paid $2,295.00 on behalf of Warren, leaving $7,705.00 in coverage remaining. Defendant has offered Plaintiff $7,705.00 to resolve this case. Defendant has moved for summary judgment and dismissal.

### III. PARTIES' CONTENTIONS

Defendant contends that the right of subrogation is limited to the amount of liability coverage remaining. Defendant relies on 21 *Del. C.* § 2118, arguing that Plaintiff has no right to demand sums greater than $7,704.34. Defendant requests the Court enter summary judgment restricting Plaintiff's amount claimed to the remaining liability coverage. Defendant also

2

contends that the Court lacks subject matter jurisdiction and, therefore, requests the Court to dismiss the case. Defendant claims that this Court is an improper venue because disputes among insurers are required to go through arbitration. Defendant also contends that Plaintiff does not have a right of subrogation against Defendant because Defendant is insured.

Plaintiff argues that summary judgment is too premature until the parties engage in discovery. Plaintiff contends that Defendant has not provided proof that the $2,295.00 was paid to Plaintiff or Warren. Plaintiff further argues that Defendant does not get to avoid paying the full amount of property damage because this does not involve personal injury; rather it involves property damage. Plaintiff contends that the statute Defendant relies on pertains to personal injury damages and not property damage. Plaintiff argues that 21 *Del. C.* § 2118 does not provide a limit to property damages.

Plaintiff also opposes Defendant's motion to dismiss, arguing that the arbitration provision of 21 *Del. C.* § 2118 only applies to lawsuits between insurers and not a claim against an individual. Plaintiff further contends that to the extent 21 *Del. C.* § 2118 affects an individual's rights to arbitration; it would only require arbitration when the individual is requesting a claim against the insurer.

## IV. STANDARD OF REVIEW

Superior Court Civil Rule 12(b)(6) provides that a defendant may bring a motion to dismiss if the claimant fails to state a claim upon which relief can be granted.[1] Prior to granting a motion, the Court must: (1) consider all well-pleaded factual allegations as true; (2) even accept vague allegations as "well-pleaded" if they give the opposing party notice of the claim; (3) draw all reasonable inferences in favor of the non-moving party; and (4) find dismissal inappropriate

---

[1] Super. Ct. Civ. R. 12.

3

unless the plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances susceptible of proof.[2]

## V. DISCUSSION

The Court first address Defendant's motion to dismiss. Because it dismisses the case, Defendant's motion for summary judgment becomes moot.

Plaintiff claims section 2118 does not cover property damages and, therefore, does not apply. Plaintiff is incorrect. The pertinent part of section 2118 is as follows:

> (g) Insurers providing benefits described in paragraphs (a)(1)-(4) of this section shall be subrogated to the rights, including claims under any workers' compensation law, of the person for whom benefits are provided, to the extent of the benefits so provided.
>> (1) Such subrogated rights shall be limited to the maximum amounts of the tortfeasor's liability insurance coverage available for the injured party, after the injured party's claim has been settled or otherwise resolved, except that the insurer providing benefits shall be indemnified by any workers' compensation insurer obligated to make such payments to the injured party.[3]

Section 2118(a)(4) provides that "compensation for damage to the insured motor vehicle, including loss of use of the motor vehicle, not to exceed the actual cash value of the vehicle at the time of the loss and $10 per day, with a maximum payment of $300, for loss of use of such vehicle."[4] A plain reading of the statute leads this Court to find section 2118 covers property damage and, therefore, Defendant is correct.

The Court concludes that section 2118 applies; therefore, the Court will address the motion to dismiss. Defendant moves for dismissal on the grounds that this Court lacks

---

[2] *Cent. Mortgage Co. v. Morgan Stanley Mortgage Capital Holdings LLC*, 27 A.3d 531, 535 (Del. 2011) (citing *Savor, Inc. v. FMR Corp.*, 812 A.2d 894, 896–97 (Del. 2002)).
[3] 21 *Del. C.* § 2118(g)(1).
[4] 21 *Del. C.* § 2118(a)(4).

4

jurisdiction and Plaintiff does not have subrogation rights against Defendant because Defendant is insured.

The Court will first address whether this Court lacks subject matter jurisdiction. Subrogation rights are permitted by statute, 21 *Del. C.* § 2118.

Defendant argues that Plaintiff's claim must go through arbitration pursuant to section 2118. The pertinent part of the statute, 21 *Del. C.* § 2118(g)(3) reads:

> Disputes among insurers as to liability or amounts paid pursuant to paragraphs (a)(1)-(4) of this section shall be arbitrated by the Wilmington Auto Accident Reparation Arbitration Committee or its successors. Any disputes arising between an insurer or insurers and a self-insurer or self-insurers shall be submitted to arbitration which shall be conducted by the Commissioner in the same manner as the arbitration of claims provided for in subsection (j) of this section.[5]

Disputes arising under (a)(1)-(4), between insurers must be arbitrated.[6] Section 2118(g)(6) also provides that disputes involving self-insurers must also be arbitrated.[7] Defendant is neither an insurer nor self-insurer; therefore, the arbitration provision does not apply to the current suit. Plaintiff is seeking reimbursement from an individual tortfeasor; therefore, this Court has subject matter jurisdiction.

Defendant also argues Plaintiff does not have a subrogation right because Defendant is insured. The pertinent part of section 2118 provides:

> (g) Insurers providing benefits described in paragraphs (a)(1)--(4) of this section shall be subrogated to the rights, including claims under any workers' compensation law, of the person for whom benefits are provided, to the extent of the benefits so provided.
>> (1) Such subrogated rights shall be limited to the maximum amounts of the tortfeasor's liability insurance coverage available for the injured party, after the injured party's claim has been settled or otherwise resolved, except that the insurer providing benefits shall be indemnified by any

---

[5] 21 *Del. C.* § 2118(g)(3).
[6] *Id. See State Ins. Coverage Office v. Christenson*, 2014 WL 3045215, at *1 (Del. Super. Ct. June 11, 2014).
[7] 21 *Del. C.* § 2118(g)(6).

workers' compensation insurer obligated to make such payments to the injured party.[8]

The Delaware Supreme Court has interpreted 21 *Del. C.* § 2118(g)(1) to mean that there is no subrogation right of reimbursement from insured tortfeasors who have a third party insurer.

In *Harper v. State Farm Mut. Auto. Ins. Co.*, the Delaware Supreme Court stated that a PIP carrier does not have "a statutory right of subrogation for reimbursement against the individual tortfeasor who caused the injuries, but now subrogation actions can be maintained only against the tortfeasor's automobile liability insurance carrier."[9] The Supreme Court reiterated this in *Waters v. U.S.*, stating "[w]hen two parties are involved in an automobile accident and both are insured, the insurer that paid personal injury protection (PIP) benefits does not have a statutory right of subrogation for reimbursement against the individual tort-feasor...."[10]

There is no subrogation right of reimbursement from insured tortfeasors. Defendant was insured under a policy through State Farm Mutual Automobile Insurance Company at the time of the accident.[11] Since there is no right of subrogation against an individual insured tortfeasor, Plaintiff does not have a right of subrogation against Defendant. Plaintiff would need to pursue damages against Defendant's insurance company, which must go through arbitration. Therefore, the case must be dismissed in favor of arbitration between the insurance companies.

---

[8] 21 *Del. C.* § 2118(g)(1).
[9] 703 A.2d 136, 139 (Del. 1997).
[10] 787 A.2d 71 (Del. 2001).
[11] Def.'s Reply Ex. B.

## VI. <u>CONCLUSION</u>

Considering the foregoing, Defendant's motion to dismiss is granted. Therefore, Defendant's motion for summary judgment is moot.

 **IT IS SO ORDERED.**

_____
(Richard F. Stokes, Judge

FILED PROTHONOTARY
SUSSEX COUNTY
2020 APR 15 A 9 59