Strafford,
No. 5982.

PHILIP LEFEBVRE

*v.*

GOVERNMENT EMPLOYEES INSURANCE COMPANY.

November 28, 1969.

*Shaines, Madrigan & McEachern* and *Craig E. Turner* (*Mr. Turner* orally), for the plaintiff.

*Boynton, Waldron & Dill* (*Mr. Richard E. Dill* orally), for the defendant.

GRIMES, J. This is an action by a military serviceman to recover under the medical payments coverage of his automobile liability insurance policy, the value of medical services rendered to his wife by the United States Government under 10 U.S.C.A. *s.* 1076. The matter was submitted on stipulations of fact and transferred here without ruling by *Leahy,* C.J.

The plaintiff's wife was injured on September 15, 1966, when as a pedestrian she was struck by an automobile operated by one Berkowitz. She spent 18 days in the Chelsea Naval Hospital and was treated as an outpatient there for 12 more days. The reasonable value of this service was determined to be $918. Except for $31.50 she was, as the wife of a serviceman, entitled to receive these services without charge to her or the plaintiff. The plaintiff had incurred an expense of $365 for civilian treatment of his wife and this amount has been paid by the defendant out of the $1,000 limit of its coverage which within that limit obligated the defendant "to pay all reasonable expenses incurred within one (1) year from the date of accident . . . ." The defendant contends that the plaintiff has not incurred any expense with respect to the services provided by the United States of America except the $31.50 which it offers to pay.

42 U.S.C.A. *ss.* 2651-2653 provides that where medical services are furnished to one who was injured "under circumstances creating a tort liability upon some third person . . . the United States shall have a right to recover from said third person the reasonable value of the care and treatment so furnished . . . and shall, as to this right be subrogated to any right or claim that the injured . . . person . . . has against such third person . . . ." It further provides that the injured person may be required "to assign his claim or cause of action against the third person to the extent of that right or claim."

By letter dated April 7, 1967, the Air Force advised plaintiff's wife of the right of the United States to recover from the third party tort-feasor the value of the services furnished to her and on the same date notified her attorney of the claim and requested him to represent the United States by including its claim in the demand against the third person in any action brought against him, rather than have the United States institute a separate action. Plaintiff's wife assigned to the United States her rights to any third party recovery as to the value of the governmentally furnished medical services as required by the statute. Claim was

made on behalf of the plaintiff for consequential damages and his wife for personal injuries against Berkowitz on or about July 14, 1967 and the claim of the United States was included. There was a settlement in the amount of $9,500 out of which plaintiff's attorney remitted $918 to the U. S. Air Force which gave a "limited release" to Berkowitz's insurance company.

Under the terms of the policy the defendant is obligated to pay the plaintiff more than $31.50 only if he "incurred" medical expenses in excess of that amount as a result of the treatment his wife received at the Chelsea Naval Hospital. It is our opinion that he did not "incur" such expenses beyond the $31.50.

It should not require any extended citation of authority to support a holding that expenses are "incurred" only when one has become obligated to pay for them. See cases collected in 42 C.J.S. 553. The plaintiff here never became liable to pay more than $31.50 for the medical services provided for his wife by the Government and is entitled to no more than this amount under the policy. *Irby* v. *Government Employees Insurance Company* (La.), 175 So. 2d 9; *United States* v. *St. Paul Mercury Indemnity Co.,* 238 F. 2d 594 (8th Cir., 1956); *Gordon* v. *Fidelity & Casualty Company,* 238 S. C. 438.

It is true that under our collateral source rule, plaintiff was entitled to recover the full value of the services from a third party tort-feasor (*Clough* v. *Schwartz,* 94 N. H. 138. See also, *Bell* v. *Primeau,* 104 N. H. 227) and in the absence of a subrogation agreement or assignment would be able to keep the full amount recovered. However, the right of recovery for the medical services furnished to the plaintiff's wife without charge is a statutory right of the Government. 42 U.S.C.A. *s.* 2651, *supra.* It is an independent right, "subrogated only in the sense that the person sued . . . must be liable to the injured person in tort." *United States* v. *York,* 398 F. 2d 582, 584 (6th Cir., 1968). See *Ib.,* 584, footnote 2. The defendant insurer is not a third person liable in tort within the meaning of the federal statute. 42 U.S.C.A. *s.* 2651, *supra.* Any loss of personal gain by the plaintiff which results from the statute is not a medical expense incurred within the meaning of the policy. 42 U.S.C.A. *s.* 2651 simply transfers the right of recovery against the tort-feasor from the plaintiff to the United States. It creates no liability on the plaintiff to pay for the medical services. *Irby* v. *Government Employees Insurance Company, supra.*

It follows that the plaintiff's rights under the policy are limited to $31.50.

*Remanded.*

All concurred.