UNITED STATES of America
v.
GOVERNMENT EMPLOYEES INSURANCE COMPANY.

Civ. A. No. 1519.

United States District Court,
E. D. North Carolina,
Wilmington Division.

Aug. 18, 1971.

**1098**

Warren H. Coolidge, U. S. Atty., John R. Whitty, Asst. U. S. Atty., Raleigh, N. C., for plaintiff.

Daniel Lee Brawley, Marshall, Williams, Gorham & Brawley, Wilmington, N. C., for defendant.

## OPINION and JUDGMENT

DALTON, District Judge, sitting by designation.

This matter comes before the Court on cross motions of plaintiff, United States of America, and defendant, Government Employees Insurance Company, for summary judgment. The sole issue is whether the plaintiff may recover for medical expenses from the defendant insurance company, the insurance carrier of the person to whom the medical services were rendered, under the medical payment provision of defendant's policy.

The material facts are not in dispute. On October 7, 1970, Elmer R. Strickland, a retired member of the United States Army, suffered personal injuries as a result of a collision between Strickland's automobile which he operated and another motor vehicle at an intersection in Wilmington, North Carolina. Because of Strickland's military status, the plaintiff furnished to him medical care and treatment as provided for by 10 U.S.C. A. § 1074. The value of this treatment was $2610.00. At the time of Strickland's injuries he was afforded protection under an automobile insurance policy issued by the defendant. Under the medical payment provision of the policy, the United States demanded payment by the defendant insurance company of the value of medical services rendered to

Strickland. Defendant has refused payment.

The United States bases its claim upon the Medical Care Recovery Act, 42 U.S.C.A. § 2651 et seq., and upon the ground that it was a third party beneficiary of defendant's policy with the insured. Government Employees Insurance Company asserts that the Medical Care Recovery Act does not authorize a recovery in this case because, by its terms, the Act only gives the United States a right of action against the third-party tortfeasor; it also denies that the United States of America is a third party beneficiary under the policy, and that it is not liable in any case since the insured incurred no actual expenses.

Under Part II of the insurance policy, entitled "Expenses for Medical Services", the following language appears:

To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical, x-ray and dental services, including prosthetic devices, and necessary ambulance, hospital, professional, nursing and funeral services:

Division 1: To or for the named insured and each relative who sustains * * * "bodily injury," caused by accident, (a) while occupying the owned automobile * * * ;

In addition, Part II provides that "the limit of liability for medical payments stated in the declarations as applicable to 'each person' is the limit of the company's liability for all expenses incurred by or on behalf of each person who sustains bodily injury as a result on any one accident." Accordingly the defendant's liability is limited so as not to exceed $2000 for any such person.

Finally, in the portion of the policy labeled "Conditions", the policy provides that "the Company may pay the injured person or any person or organization rendering the services and such payments shall reduce the amount payable hereunder for such injury."

It is our opinion that the Medical Recovery Act furnishes the plaintiff

no ground for relief. The Act only establishes the Government's right to recover against the third party tortfeasor, and those decisions which have allowed recovery under the Act were careful to point out that the Government's right to recover under the policy depended upon the actual definition of "insured" in the policy in question. Government Employees Ins. Co. v. United States, 376 F. 2d 836 (4th Cir. 1967); United States v. Commercial Union Ins. Group, 294 F. Supp. 768 (S.D.N.Y.1969); *see also* United States v. Allstate Ins. Co., 306 F.Supp. 1214 (N.D.Fla.1969); *Cf.* Government Employees Ins. Co. v. United States, 349 F.2d 83 (10th Cir. 1965), cert. den. 382 U.S. 1026, 86 S.Ct. 646, 15 L.Ed.2d 539 (1966). Here, the defendant is not liable to the insured or to the plaintiff in tort, nor is the plaintiff an "insured" under the terms of the policy. *See* Lefebvre v. Government Employees Ins. Co., 110 N.H. 23, 259 A.2d 133 (1969).

This conclusion however is not fatal to plaintiff's action since the question whether the United States of America is a third party beneficiary under a policy of this kind has been presented and determined before. In United States v. United Services Auto. Ass'n, 431 F.2d 735 (1970) cert. den. 400 U.S. 992, 91 S.Ct. 459, 27 L.Ed.2d 440 (1971), the Fifth Circuit had before it an automobile insurance policy identical to the policy before this Court. There, the injured person was a dependent of a military officer, and the officer and the United States brought suit on the medical payments provision of the policy to recover the value of medical services furnished at Government expense to the injured dependent. In a per curiam opinion, the Court upheld the granting of the United States' motion for summary judgment. The Court states, 431 F. 2d at 737:

> We conclude that the United States was clearly a third-party beneficiary of the policy issued to the member of the military services for whom the government was required by law to

furnish medical service in case of such an accident. We conclude, therefore, that the trial court properly entered summary judgment in favor of the United States.

We think that it was implicit in the Fifth Circuit's decision that the particular relationship between the insured and the United States was not designed to, and should not be held to, affect the rights and liabilities created by the insurance contract. *Cf.* United States v. Myers, 363 F.2d 615 (5th Cir. 1966). That the insured here incurred no out-of-pocket expenses does not therefore affect defendant's liability, and we conclude that there is sufficient intent to benefit the United States by the terms of the medical payments provision to allow the United States to recover its reasonable expenses as limited by the policy.

It is the opinion of this Court that the United States is entitled to recover the sum of $2000.00 with costs, less amounts which may have been paid by the defendant directly to the insured prior to the initiation of this proceeding, and it is therefore ordered and adjudged that plaintiff's motion for summary judgment is hereby granted.