## UNITED STATES of America, Appellant,

v.

## FARM BUREAU INSURANCE COMPANY, Appellee.

### No. 75–1303.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 11, 1975.

Decided Jan. 7, 1976.

Robert S. Greenspan, Atty., Dept. of Justice, Civil Div., Appellate Section, Washington, D. C., for appellant.

Ralph R. Wilson, Little Rock, Ark., for appellee.

Before GIBSON, Chief Judge, and LAY and STEPHENSON, Circuit Judges.

GIBSON, Chief Judge.

The United States appeals from a dismissal of its attempted direct action proceeding against Farm Bureau Insurance Company to recover $2,915.15 for medical treatment afforded army serviceman Thomas A. Pressnell who was injured as a result of the alleged negligence of serviceman Robert A. Westlin. Farm Bureau Insurance Company is Westlin's personal liability insurer. Pressnell was injured on September 17, 1971, when he was a passenger in Westlin's car as Westlin, attempting to pass another car on a Missouri highway, collided with an oncoming car. Subject matter jurisdiction is purportedly supplied by the Medical Care Recovery Act, 42 U.S.C. § 2651 *et seq.* (1970), which authorizes the Government to recover the reasonable value of medical services it has furnished to a victim injured "under circumstances creating a tort liability upon some third person."

However, as neither the Government nor the injured serviceman, Pressnell, has yet sued and obtained judgment against Westlin, the District Court [1] dismissed the complaint without prejudice. The court held that an action authorized by the Act can be brought only against the person upon whom *tort* liability

---

1. The Honorable G. Thomas Eisele, Chief Judge, United States District Court for the Eastern District of Arkansas.

rests, and that neither the federal Act nor the law of Arkansas, the forum state, authorizes a direct tort action against the liability insurer of an alleged tortfeasor without a prior judgment against the insured.

The Act provides in relevant part:

(a) In any case in which the United States is authorized or required by law to furnish hospital * * * care and treatment * * * to a person who is injured * * * *under circumstances creating a tort liability upon some third person* * * * *the United States shall have a right to recover from said third person* the reasonable value of the care and treatment so furnished * * * and shall, as to this right be subrogated to any right or claim that the injured * * * person * * * has against such third person to the extent of the reasonable value of the care and treatment * * *.

(b) The United States may, to enforce such right, (1) intervene or join in any action or proceeding brought by the injured * * * person * * * against the third person who is liable for the injury * * *; or (2) * * * institute and prosecute legal proceedings *against the third person who is liable for the injury* * * * in a State or Federal court, * * * (in its own name or in the name of the injured person * * *) * * *. (Emphasis added.)

42 U.S.C. § 2651 (1970).

The Government contends that the District Court's construction of the Act is unduly restrictive and that the source of the defendant's liability—contract rather than tort—is irrelevant in view of the Act's broad remedial and fiscal purposes. The Act, it argues, creates an independent federal right of action free from "the vagaries of state law," and a narrow construction will render the Government's claims under the Act (averaging only approximately $1,700 in fiscal 1974) "largely worthless" by subjecting the Government to the "futile," costly and time-consuming "formality" of first obtaining judgment against the tortfeasor-insured. In short, its contention is that the defendant insurer, by contracting to assume liability for its insured's tort, has acted "under circumstances creating a tort liability" within the meaning of § 2651(a); or in the words of the Government, "the issuance of a liability insurance policy covering the tortfeasor constitutes 'circumstances creating a tort liability'" upon the insurance company within the meaning of the Act.

Although the Government vehemently posits that its position is clearly authorized by the Act, it cites no cases sustaining its construction of the Act to embrace a direct action against a person other than the one committing the tort. In support of its position the Government cites: *United States v. Merrigan,* 389 F.2d 21 (3d Cir. 1968), which held that the Government has an independent right to recover the reasonable value of medical care and treatment from the tortfeasor; *United States v. York,* 398 F.2d 582 (6th Cir. 1968), which held that the Government possesses an independent right to recover from the tortfeasor the reasonable value of care and treatment furnished, and that the independent statutory right is greater than the right of subrogation; and *United States v. Moore,* 469 F.2d 788 (3d Cir. 1972), *cert. denied,* 411 U.S. 905, 93 S.Ct. 1528, 36 L.Ed.2d 195 (1973), which held that the Government's independent right of recovery cannot be impaired by the vagaries of state family immunity laws. In all of these cases the action was directed against the tortfeasor, not his insurer. While many cases have interpreted the Act as remedial and have suggested that it must not be narrowly construed, none have interpreted the Act in the manner now urged by the Government.

The defendant concedes that Congress could authorize the Government to undertake direct actions against insurers, but it argues, and we agree, Congress did not do so in § 2651. *See United States v. Government Employees Insurance Co.,* 330 F.Supp. 1097 (E.D.N.C.

1971), *aff'd,* 461 F.2d 58 (4th Cir. 1972). *Government Employees* held that the Act "only establishes the Government's right to recover against the third party tortfeasor" but the court allowed the Government to recover against the injured party's insurer on the theory that the Government was a third party beneficiary under the terms of the particular insurance policy in question. 330 F.Supp. at 1099. *See also Lefebvre v. Government Employees Insurance Co.,* 110 N.H. 23, 259 A.2d 133 (1969), holding that the serviceman's liability insurer was not, by virtue of its automobile policy with the serviceman, a "third person" liable in tort under the Medical Care Recovery Act. The language of the Act is clear and unambiguous. It authorizes the Government to institute legal proceedings only against a person liable in *tort. United States v. Haynes,* 445 F.2d 907, 909–10 (5th Cir. 1971); *United States v. York,* 398 F.2d 582, 584 (6th Cir. 1968). *See also Maddux v. Cox,* 382 F.2d 119, 124 (8th Cir. 1967). The defendant's liability in the instant case, if any, arises only by virtue of its contract of insurance with the tortfeasor, Westlin; it is not liable to the injured party in *tort.* The Government is attempting to read language into the Act that simply is not there. Its interpretation is untenable and in direct conflict with the law of torts and of contracts relating to liability insurance.[2]

The Government, by its interpretation of the Act, seeks to overturn the widely retained common law rule barring direct tort actions against liability insurers until after judgment is obtained against their insured tortfeasors.[3] However, nothing in the Act or its legislative history suggests that so sweeping a change was intended by Congress. The policy behind the common law rule barring direct tort actions against liability insurers before the entry of a judgment against the tortfeasor is *inter alia* to prevent prejudice (especially likely in jury cases) arising from awareness that the defendant is insured and thus will not be harmed by a large verdict. The Act contains nothing to indicate that Congress intended a change of this policy and, on the contrary, contains a provision to pre-

**2.** The Government has not alleged that it enjoys the status of a third party beneficiary of Farm Bureau's contract with Westlin or that it is embraced by the contract's definition of "insured" party. *Cf. United States v. Government Employees Ins. Co.,* 330 F.Supp. at 1099 (and cases cited).

**3.** The statute employs the term "third person" rather than "tortfeasor." The District Court's narrow interpretation of the term "third person" as referring only to the tortfeasor, not to parties otherwise contractually accountable for the tortfeasor's liability, is supported by the use of the narrower term "tort-feasor" interchangeably with the term "tortiously liable third party" in the legislative history. *See, e. g.,* S.Rep. No. 1945, 87th Cong., 2d Sess., *reprinted in* 2 U.S.Code Cong. & Admin.News 2637 (1962), wherein the Committee on the Judiciary stated that:

The purpose of the proposed legislation [Medical Care Recovery Act] is to provide for the recovery by the United States from negligent third persons for the cost of hospital [and] medical * * * care and treatment furnished by the United States * * *.

At page 2640 the Committee noted further that:

This section creates a right on the part of the United States to recover from third-party tort-feasors the value of hospital [and] medical * * * care or treatment furnished to an injured * *. * person by the United States * * *.

The Government's attempt to stretch the meaning of the language employed in the Act is unsupported by the context in which it appears:

Considering the number of ways of taking a particular word [or phrase], the task of speaking clearly and being understood would seem pretty hopeless if it were not for another very important fact about language. Though a word [or phrase] may have many senses, these senses can be controlled, up to a point, by the *context* in which the word is used. When we find the word in a particular verbal setting—that is, take it with the words that come before and after it in a discourse—we can usually decide quite definitely which of the many senses of the word is relevant. (Emphasis in original.)

M. Beardsley, *Thinking Straight* 154 (2d ed. 1956).

vent reciprocal prejudice to the plaintiff by permitting the Government to sue "in the name of the injured person" rather than as the Government. 42 U.S.C. § 2651(b). Thus, the factfinder will not be inclined to reduce the verdict as it otherwise might were it aware that the medical expenses were borne by the Government, which many people regard as an infinite source of giveaways of every kind and character.

We believe the Government is far afield in attempting to effect an adjudicative change in the law simply because the Government is a party plaintiff. If it wishes to obtain a special right in derogation of established procedural law that in turn does violence to substantive rights retained by the litigants, it should seek them through the legislative process, *viz.* urging enactment of a national "direct action" statute, and not through judicial innovation.

The judgment of the District Court is affirmed.