**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a corporation of the State of Illinois, Defendant-Appellant,**

v.

**Davis S. KULOW, Laura V. Kulow, Donna J. Reynolds, and George A. Reynolds, Plaintiffs-Appellees.**

Supreme Court of Delaware.

Submitted: Jan. 23, 1984.

Decided: June 25, 1984.

Anne L. Naczi (argued) and Stephen P. Casarino, Tybout, Redfearn, Casarino & Pell, Wilmington, for defendant-appellant.

William D. Fletcher, Jr. (argued) and Harold Schmittinger, Schmittinger & Rodriguez, P.A., Dover, for plaintiffs-appellees.

Before McNEILLY, HORSEY and CHRISTIE, JJ.

HORSEY, Justice:

In this appeal, an automobile insurer resists payment of personal injury protection (PIP) benefits to its insured and other covered persons, members of the armed services, because they received "free" medical-hospital care from the federal government. State Farm Mutual Automobile Insurance Company (State Farm) appeals Superior Court's denial of its cross-motion for summary judgment and the Court's grant of summary judgment for the plaintiff insured and the occupants of his automobile.

State Farm concedes that plaintiffs, members of the U.S. armed services and their spouses, are suing for the benefit of the federal government. The issue then is whether, under Delaware's No-Fault Statute, 21 *Del.C.* § 2118, a no-fault insurer is required (within coverage limits) to reimburse a third party, the federal government, for medical costs incurred by it in the treatment of its employees and dependents for injuries sustained in a motor vehicle accident. Superior Court, relying upon this Court's decision in *International Underwriters, Inc. v. Blue Cross and Blue Shield of Delaware, Inc.,* Del.Supr., 449 A.2d 197 (1982), granted judgment for plaintiffs. We affirm.

There is no dispute of facts. At the time of their injury in Delaware, plaintiffs or their spouses were members of the United States Armed Forces. As federal employees, their employment benefits entitled them to receive without charge from feder-

al health facilities all reasonable and necessary medical services. 10 U.S.C. § 1071, et seq. As a result, plaintiffs received all necessary medical care and treatment for their injuries at Dover Air Force Base Hospital, Dover, Delaware.

The federal government's cost in the care and treatment of plaintiffs for their injuries totaled about $12,000. State Farm's no-fault policy issued to the plaintiff-insured provided $10,000 of no-fault coverage per person and $20,000 per accident. State Farm made payments under its no-fault coverage to certain of the plaintiffs for lost wages and other no-fault claims but refused to pay, within policy limits, plaintiffs' health care costs.[1] That sum amounts to about $9,000.

Following plaintiffs' demand upon State Farm to pay their medical costs to the federal government and State Farm's refusal, plaintiffs filed suit. Any recovery is stated to be "for the sole and exclusive benefit" of the federal government. Plaintiffs argue that the federal government, by paying their medical care costs, has become subrogated to plaintiffs' claim against State Farm.[2]

■ State Farm seeks reversal on both contract and statutory grounds. Under the insurance contract, State Farm maintains, it is liable only to reimburse policyholders for their covered out-of-pocket expenses. Where, as here, plaintiff suffered no obligation to pay for the medical services they received, State Farm denies any contractual duty to pay the cost of the medical

treatments. However, policy coverage must be coextensive with the minimum coverage required by statute; hence, if the provisions of Delaware statute law require the federal government to be reimbursed under the facts of this case, State Farm's policy must provide such coverage as well. 21 *Del.C.* § 2118(d).

As a matter of statutory construction, State Farm contends that the word "incurred"[3] as used in § 2118 means only obligations of the insured to pay for medical treatment. Again, State Farm asserts that its financial obligation is no greater than that of the insured. *See Sanner v. Government Employees Insurance Co.,* 150 N.J.Super. 488, 376 A.2d 180 (1977), *aff'd,* 75 N.J. 460, 383 A.2d 429 (1978), and cases cited therein supporting State Farm's narrow construction of "incurred."

However, several jurisdictions with no-fault statutes similar to Delaware's have ruled that "incurred" is not synonymous with "indebted." In *United States v. Criterion Insurance Co.,* 198 Colo. 132, 596 P.2d 1203 (1979), the Colorado Supreme Court rejected the same argument that State Farm here asserts. The Court held a no-fault insurer liable to the federal government for its costs in treating the insured, a National Guardsman injured in an automobile accident. The Court stated, "The fact remains that the United States incurred this expense as a result of an accident embraced within the policy provisions." *Criterion* at 1206. *Accord United*

---

1. State Farm has also conceded liability under its no-fault coverage to one of the plaintiffs for anticipated future medical treatment that is expected to be required but which is impractical or impossible to render within the two year period immediately following the accident. *See* 21 *Del.C.* § 2118(a)(2)a 3.

2. In Superior Court, plaintiffs based their claim under not only Delaware law but the Federal Medical Care Recovery Act, 42 U.S.C. § 2651. However, plaintiffs limit their argument on appeal to Delaware law. Hence, we decline to rule on plaintiffs' right of recovery from State Farm under the Federal Act. *But see United States v. Farm Bureau Insurance Co.,* 8th Cir.,

527 F.2d 564 (1976); *United States v. Studivant,* 3rd Cir., 529 F.2d 673 (1976); and *United States v. Forte,* D.Del., 427 F.Supp. 340 (1977).

3. The pertinent provisions of 21 *Del.C.* § 2118(a) require the owner of a motor vehicle registered in Delaware to carry insurance providing the following minimum coverage:

 "(2)a. Compensation to injured persons for reasonable and necessary expenses <u>incurred</u> within 2 years from the date of accident for:

 1. Medical, hospital, dental, surgical, medicine, x-ray, ambulance, prosthetic services, professional nursing and funeral services." (underlining added).

*States v. Government Employees Insurance Co.,* 2d Cir., 605 F.2d 669, 671–72 (1979). We find this more liberal construction of no-fault coverage to be persuasive.

 We do not read 21 *Del.C.* § 2118(a)(2)a as exonerating a no-fault insurer from liability for payment of "reasonable and necessary expenses incurred within two years from the date of accident" simply because the expenses do not become the personal obligation of the insured. Plaintiffs received medical care for injuries sustained in an automobile accident. These services resulted in costs which were incurred; and they were incurred as a result of plaintiffs' injuries. State Farm concedes that it would have been liable for their expenses had plaintiffs been taken to a private hospital. The mere fact that plaintiffs were taken to a military hospital and the costs absorbed by the federal government does not change the fact that the costs resulted from plaintiffs' injuries. *United States v. Criterion Insurance Co., supra; United States v. Government Employees Insurance Co., supra.*

 This result is in accord with *International Underwriters, Inc. v. Blue Cross & Blue Shield of Delaware, Inc.,* Del.Supr., 449 A.2d 197 (1982). There, Blue Cross, pursuant to the health care policy of the injured insured's employer, paid the injured party's medical costs. We held that Blue Cross thereby became subrogated to the injured insured's no-fault motor vehicle coverage benefits; and we held the insured's no-fault carrier liable under § 2118 to Blue Cross for reimbursement of the insured's expenses within policy limits. There is no appreciable difference between Blue Cross' contractual obligation to pay medical costs in that case and the statutorily mandated obligation of the federal government to pay the plaintiffs-insureds' medical costs in this case. Both obligations are for the purpose of providing health care services to injured parties. However, when the injury is one covered by no-fault insurance, the ultimate liability for payment of such bills falls upon the no-fault carrier. Indeed, under the Delaware No-Fault Statute, only the no-fault carrier has standing to sue the third party tortfeasor for these damages. *International Underwriters,* 449 A.2d at 200; 21 *Del.C.* § 2118(g).

The defendant contends that to allow reimbursement in this case would transform a no-fault insurer into a general health insurer. This argument is without merit. We are not expanding in any way the types of injuries or medical costs for which the party covered by no-fault insurance can recover.

\* \* \*

Affirmed.