# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE INSURANCE )
COVERAGE OFFICE, )
  )
          Appellant, )
  )
          v. )    C.A. No. N21C-09-211 CEB
  )
GARRISON PROPERTY AND )
CASUALTY INSURANCE COMPANY, )
  )
          Appellee. )

Submitted:  February 25, 2022
Decided:  April 25, 2022

*Upon Consideration of*
*Appellant's Motion for Judgment on the Pleadings*,
**DENIED**.

## MEMORANDUM OPINION

Robert M. Kleiner, Esquire, and Sarah Fruehauf, Esquire, Deputy Attorneys General, DEPARTMENT OF JUSTICE, Wilmington, Delaware. *Attorneys for Appellant State of Delaware Insurance Coverage Office*.

Krista E. Shevlin, Esquire, WEBER GALLAGHER SIMPSON STAPLETON FIRES & NEWBY, LLP, New Castle, Delaware. *Attorney for Appellee Garrison Property and Casualty Insurance Company*.

**BUTLER, R.J.**

A Department of Insurance arbitration panel (the "Panel")[1] awarded Appellee Garrison Property and Casualty Insurance Company reimbursement for personal injury and vehicle damage losses it covered under a personal injury protection ("PIP" or "Section 2118") policy. In doing so, the Panel applied a three-year statute of limitations to Garrison's vehicle damage claim. On appeal, Appellant State of Delaware Insurance Coverage Office ("ICO" or the "State") argues that the Panel should have applied a two-year statute of limitations instead. Because the Panel applied the correct time bar, ICO's motion will be denied.

## BACKGROUND[2]

### A. The Accident

This case arises from a rear-end collision involving a government vehicle. On January 8, 2019, Erica Kearse was driving westbound on Lorewood Grove Road until a traffic flagger directed her to stop. As Kearse decelerated, Jessica Henry,

---

[1] Delaware law requires opposing insurers to arbitrate their Section 2118 disputes within the Department of Insurance. *See* 21 *Del. C.* § 2118(g)(3) (2021). This Court has appellate jurisdiction over the Panel's decisions. *See id.* § 2118(j)(5).

[2] The Court has taken this case's background and procedural history from the parties' pleadings, including Garrison's answer, *Jiménez v. Palacios*, 250 A.3d 814, 827 (Del. Ch. 2019), *aff'd*, 2020 WL 4207625 (Del. July 22, 2020), and, more "limitedly," from the documents integral to, or incorporated by reference into, their pleadings, *Intermec IP Corp. v. TransCore, LP*, 2021 WL 3620435, at *8 (Del. Super. Ct. Aug. 16, 2021). The Court has drawn reasonable factual inferences from the record in the light most favorable to Garrison. *See infra* Standard of Review.

who was driving a New Castle County van, crashed into Kearse from behind. Kearse incurred personal injuries and vehicle damage in the accident.

Garrison insured Kearse under a PIP policy that covered personal injury and collision damages. Garrison paid approximately $29,000 in coverage and then turned to ICO, Henry's insurer, for reimbursement. ICO refused, so Garrison sued.

## B. The Arbitration

On March 4, 2021—over two years after the accident—Garrison brought a subrogation action against ICO to recover the amounts it paid to Kearse in coverage. Garrison's complaint alleged two losses: (1) personal injury (*e.g.*, Kearse's medical expenses); and (2) property damage (*i.e.*, Kearse's vehicle repair expenses). The State denied liability and raised as a defense to the vehicle damage claim the two-year limitations period governing claims for "personal property" damages.[3]

The parties arbitrated their dispute before the Panel. Having considered all the evidence, the Panel found Henry "100% liable" and awarded Garrison damages for both its losses.[4] In doing so, the Panel rejected the State's statute of limitations defense. The Panel reasoned that the vehicle damage claim derived from Section 2118(a)(4)[5] and so was subject to a three-year limitations period on statutory claims.[6]

---

[3] *See generally* 10 *Del. C.* § 8107 (1960).
[4] D.I. 1, Ex. A (Arb. Award).
[5] *See generally* 21 *Del. C.* § 2118(a)(4) (defining "compensation for damage to the insured motor vehicle" as a PIP benefit).
[6] D.I. 1, Ex. A (Arb. Award). *See generally* 10 *Del. C.* § 8106 (2014).

The Panel based its reasoning on the Delaware Supreme Court's decision in *Harper v. State Farm Mutual Automobile Insurance Company*.[7]

## C. This Appeal

The State has appealed and renewed its statute of limitations arguments. Moving for judgment on the pleadings, the State contends that Garrison's vehicle damage claim is not statutory, but rather is a common law claim for personal property damage governed by a two-year limitations period. Garrison counters that a subrogation claim for vehicle damage is provided by Sections 2118(a)(4) and (g) and so is a statutory claim governed by a three-year limitations period.

ICO accepts that, as will be discussed shortly, Garrison's *personal injury claim* is subject to a three-year limitations period.[8] And ICO does not contest that Section 2118(g) confers Garrison's subrogation rights.[9] ICO instead argues that a vehicle damage claim subrogated by a PIP insurer is subject to a different time bar than a personal injury claim subrogated by the same insurer in the same case. Put another way, ICO asks the Court to apply a different time bar to each category of PIP benefits depending on the underlying subject matter of the benefit subrogated.

No Delaware court has held that Section 2118 subrogation claims for personal injury and for property damage are timed by two separate clocks. But an absence of

---

[7] 703 A.2d 136 (Del. 1997).
[8] *See id.*
[9] *See* 21 *Del. C.* § 2118(g).

4

cases addressing a specific issue does not necessarily mean that the issue is novel or unsettled. Indeed, the Delaware Supreme Court has hinted in *dictum* that it would be "incongruous" for "personal injury and property damage claims" brought under the same statute and in the same proceeding to be "governed by" two "different statute[s] of limitations."[10] More than incongruous, the State's position contradicts Section 2118's text and purpose, resurrects overruled precedent, and would cause impractical consequences. Accordingly, the Court will deny ICO's motion.

## STANDARD OF REVIEW

A party may move under Rule 12(c) for judgment on the pleadings.[11] In considering a Rule 12(c) motion, the Court accepts as true all well-pleaded factual allegations and draws all reasonable factual inferences in favor of the non-moving party.[12] The Court therefore "accords the party opposing a Rule 12(c) motion the same benefits as a party defending a motion to dismiss under Rule 12(b)(6)."[13] Accordingly, judgment on the pleadings may be granted "only where" there are no material facts in dispute and the movant is entitled to judgment as a matter of law.[14]

---

[10] *Allstate Ins. Co. v. Spinelli*, 443 A.2d 1286, 1291 n.10 (Del. 1982).

[11] Del. Super. Ct. Civ. R. 12(c).

[12] *Desert Equities, Inc. v. Morgan Stanley Leveraged Equity Fund II, L.P.*, 624 A.2d 1199, 1205 (Del. 1993).

[13] *Aveanna Healthcare, LLC v. Epic/Freedom, LLC*, 2021 WL 3235739, at *11 (Del. Super. Ct. July 29, 2021).

[14] *W. Coast Opportunity Fund, LLC v. Credit Suisse Sec. (USA), LLC*, 12 A.3d 1128, 1131 (Del. 2010).

**ANALYSIS**

ICO's motion involves statutory interpretation. A statute's proper interpretation is a question of law, even when first answered by the agency below.[15] "When interpreting a statute, Delaware courts must ascertain and give effect to the intent of the legislature."[16] "Where the statutory language is clear on its face . . . the unambiguous text will be construed" according to its plain meaning unless the resulting construction "is so absurd that it cannot be reasonably attributed to the legislature."[17] There is "no room" to vary the language of an unambiguous statute.[18]

A motion for judgment on the pleadings supplies an appropriate framework for determining an unambiguous statute's proper interpretation.[19] As explained below, the applicable statutes unambiguously impose a three-year limitations period on Garrison's vehicle damage claim. ICO's contrary arguments must be rejected.

**A. Under Section 2118, subrogation actions brought against a tortfeasor's insurer to recover "compensation for damage to the insured motor vehicle" must be brought within three years.**

Title 21 does not contain time bars, but Title 10 does. Under Title 10, Section 8107, claims for "personal property" damages must be brought within two years

---

[15] *E.g.*, *Sweeney v. Del. Dep't of Transp.*, 55 A.3d 337, 342 (Del. 2012).

[16] *State Farm Mut. Auto. Ins. Co. v. Davis*, 80 A.3d 628, 632 (Del. 2013) (internal quotation marks omitted).

[17] *Progressive N. Ins. Co. v. Mohr*, 47 A.3d 492, 495–96 (Del. 2012).

[18] *City of Wilmington v. Nationwide Ins. Co.*, 154 A.3d 1124, 1129 (Del. 2017) (internal quotation marks omitted).

[19] *E.g.*, *Strougo v. Hollander*, 111 A.3d 590, 594–95 (Del. Ch. 2015).

("Section 8107").[20] And under Title 10, Section 8106, claims "based on a statute" must be brought within three years ("Section 8106").[21] The fundamental question here is which time bar governs when a subrogation claim is both based on a statute and seeks personal property damages.

The Panel relied on *Harper* for the answer. ICO says the Panel was wrong because *Harper* was not a property damage case. That is true factually, but irrelevant analytically. *Harper* reconciled Section 2118's subrogation provisions with Title 10's time bars. This case requires the same task, so *Harper* controls.

**1. Under *Harper*, subrogation claims for "PIP benefits" are "statutory in origin" and so are subject to Section 8106.**

*Harper* was decided after *Nationwide Insurance Company v. Rothermel*.[22] Relevant here, *Rothermel* considered whether, under the 1972 iteration of Section 2118, a subrogation claim for personal injury damages was subject to the two-year time bar governing negligence claims[23] or to Section 8106. The *Rothermel* court found that Section 2118 "did not change the nature" of personal injury claims, which have a common law origin.[24] The *Rothermel* court also observed that, at common

---

[20] 10 *Del. C.* § 8107.
[21] *Id.* § 8106.
[22] 385 A.2d 691 (Del. 1978).
[23] 10 *Del. C.* § 8119 (1970).
[24] 385 A.2d at 693.

7

law, an insurer has the same rights as the insured on whose behalf it subrogates.[25]

Taken together, *Rothermel* held that the PIP insurer's subrogation claim was a common law claim for personal injury subject to the same two-year limitations period governing negligence claims brought by an individual plaintiff. In the court's view, creating a "different and longer limitations period" would have been an "unreasonable anomaly[.]"[26]

*Harper* saw things differently. Rather than the 1972 version, *Harper* reviewed an amended version of Section 2118.[27] Having analyzed the amendments, *Harper* concluded that Section 2118, "as it is currently written[,]" provides an exclusively "*statutory remedy* for PIP related causes of action."[28] Using this conclusion, *Harper* reasoned that "lawsuits for PIP benefits[,]" including "the PIP insurer's cause of action for subrogation against the tortfeasor's liability insurer[,]" are "entirely statutory in origin."[29] In contrast to *Rothermel*, *Harper* determined that Section 2118 transformed common law subrogation claims and rights into statutory subrogation claims and rights:

---

[25] *Id. See generally* 16 Couch on Insurance § 222:5, Westlaw (3d ed. database) (last updated Dec. 2021) ("[A] subrogated insurer stands in the shoes of an insured, and has no greater rights than the insured, for one cannot acquire by subrogation what another . . . did not have." (citations omitted)).

[26] 385 A.2d at 693.

[27] 703 A.2d at 139.

[28] *Id.* at 139–40 (emphasis added).

[29] *Id.* at 140.

> Although a claim for PIP benefits still arises from a personal injury, [Section 2118] . . . demonstrate[s] an unambiguous legislative intention to completely separate all litigation regarding the *statutory* right to PIP benefits from any independent cause of action at common law against a tortfeasor for personal injury . . . . [Section 2118 has] completely separated common law actions against a tortfeasor for personal injury from both actions by an insured for PIP benefits and the statutory actions by the PIP insurer for subrogation against the tortfeasor's liability insurer.[30]

Accordingly, *Harper* held that an insurer's "PIP related" subrogation claim brought against the tortfeasor's insurer for "reimbursement" of coverage paid in "PIP benefits" under the insured's policy is a statutory claim subject to Section 8106.[31]

*Harper* overruled *Rothermel*. *Harper* held that Section 2118 subrogation actions are statutory actions, not common law actions. As a result, *Harper* crafted a new test that controls here. Under *Harper*, PIP-related subrogation actions brought against a tortfeasor's insurer are subject to Section 8106 if the subrogated "PIP benefit" (i) is defined in Section 2118; and (ii) was covered under the insured's policy by the subrogee. No one disputes that Garrison's subrogation rights derive from Section 2118(g). Nor does anyone dispute that, if Section 8106 applies, then Garrison's vehicle damage claim is timely. So Garrison's subrogated vehicle damage claim is a timely, statutory claim under Section 8106 if vehicle damage is a defined PIP benefit and was covered under Kearse's policy. It is and it was.

---

[30] *Id.* at 139–40.
[31] *Id.*

9

**2. Garrison's vehicle damage claim is a timely statutory claim.**

Section 2118(a) defines four "recognized" categories of PIP benefits.[32] Under Section 2118(a)(4), "[c]ompensation for damage to the insured motor vehicle" is one of them.[33] Indeed, the parties would not have arbitrated before the Panel if it were not. Under Section 2118, arbitration between opposing insurers based on "damages to a motor vehicle, including an insured motor vehicle," is compulsory.[34]

Here, Garrison arbitrated subrogation claims against ICO. It sought reimbursement for the vehicle damage it covered under Kearse's PIP policy. Because Garrison's vehicle damage claim is based on a defined PIP benefit under Section 2118(a)(4), Garrison had three years to bring it under Section 8106. Garrison brought its claim within three years. So the Panel correctly ruled that Garrison's vehicle damage claim was timely. Accordingly, ICO's motion is denied.

**3. The State's contrary caselaw is inapposite.**

In searching for a way around this result, the State found *Harper*'s second footnote and two Delaware Court of Common Pleas decisions. Each is inapposite.

---

[32] *Kelty v. State Farm Mut. Auto. Ins. Co.*, 73 A.3d 926, 929 (Del. 2013).

[33] 21 *Del. C.* § 2118(a)(4). *See* D.I. 1, Ex. A (Arb. Award) (citing Section 2118(a)(4)). *See also* 21 *Del. C.* § 2118(a)(1) (requiring insurance policies to indemnify "property damage arising out of . . . use of the vehicle").

[34] 21 *Del. C.* § 2118(j). *See id.* § 2118(g)(3) (requiring arbitration of claims for "amounts paid pursuant to [Section 2118](a)(1)–(4)" made by and against insurers); *see generally supra* note 1.

Citing *Harper*'s second footnote, the State argues that *Harper* carved all property damage claims out from Section 8106.[35] But in footnote two, the Court mentioned that claims for "'alleged *personal injuries*' are governed by a two-year statute of limitations[.]"[36] The point of that was to distinguish common law claims from PIP subrogation claims. *Harper* did not rule on property damage time bars.

As to its CCP cases, ICO first cites *State Farm Mutual Automobile Insurance Company v. Baron*.[37] *Baron* involved a PIP insurer's subrogation action to recover personal injury and property damages caused by a motorcycle accident. The court said it was "clear" that the property damage claim was subject to Section 8107.[38] In reaching that conclusion, the court did not cite *Harper*. Instead, the court drew a distinction between "subrogation recovery of property damage benefits" and "subrogation recovery of PIP benefits."[39] Based on its understanding of that distinction, the court held that the insurer's personal injury claim, unlike its property damage claim, was a "statutory" claim subject to Section 8106.[40]

---

[35] *See* D.I. 12 ¶ 3 (Appellant's Reply Br.) ("The statute of limitations for a property damage claim is two years from the date of the accident." (citing *Harper*, 730 A.2d at 137 n.2)); D.I. 15 at 1 (Appellant's Suppl. Br.) ("The *Harper* court specifically identified the statute of limitations period for property damage claims as two years." (citing *Harper*, 730 A.2d at 137 n.2)).

[36] *Harper*, 730 A.2d at 137 n.2 (emphasis added) (quoting 10 *Del C.* § 8119 (personal injury statute of limitations)).

[37] 2002 WL 32007217 (Del. Ct. Com. Pl. July 26, 2002).

[38] *Id.* at *1.

[39] *Id.*

[40] *Id.* at *1–2.

11

The *Baron* decision gave very little attention to Section 2118 and to *Harper*. The court tacitly treated all "property damage benefits" as non-PIP benefits. But the court's categories overlook Section 2118(a)(4), which specifically allows for property and vehicle damage recovery,[41] and the fact that a PIP policy covering property damage was central to the case.[42]

Moreover, the court classified the insurer as a *statutory* subrogee with respect to its personal injury claim and as a *common law* subrogee with respect to its property damage claim. This distinction exhumed *Rothermel*.[43]  *Harper*, however, deemed *Rothermel*'s analysis inapplicable to "Section 2118, as it is currently written."[44] Under *Harper*, a "PIP insurer's right of subrogation" to pursue "PIP related claims" is "entirely statutory in origin," not common law in origin.

---

[41] *See* 21 *Del. C.* § 2118(a)(4); *see also Kelty*, 73 A.3d at 929–30 (identifying four categories of PIP benefits under Section 2118(a), which include, but are not limited to, "the PIP mandate" in Section 2118(a)(2)).

[42] Indeed, the court did not explain why the "property damage benefits" provided under the insurer's motorcycle policy, *Baron*, 2002 WL 32007217, at *1, did not qualify as "PIP benefits" derived from one of the very type of Section 2118 "automobile contracts" *Harper* found to be "statutory in origin and operation[,]" *Harper*, 730 A.2d at 140.

[43] *See Rothermel*, 385 A.2d at 693 ("[Section 2118] did not change the nature of the plaintiff's claim from a claim for damages arising from personal injury . . . . It would create an unreasonable anomaly to hold that a claim against an insurer for no-fault benefits arising out of a personal injury is subject to a different and longer limitations period than the insurer's subrogation right against the tortfeasor." (citation omitted)).

[44] *Harper*, 730 A.2d at 140.

To be sure, *Baron* properly recognizes that common law claims for personal property damage are subject to Section 8107. This decision does not hold otherwise. But *Baron* assumed subrogation claims made by a PIP insurer for personal property damage always are grounded on the common law.[45] Baron, then, ultimately does not answer the question presented in this case, *i.e.*, whether, under Section 2118(a)(4), a subrogation claim for vehicle damage is subject to Section 8106.

*Baron* has not been cited by any case except the State's second one, *GEICO v. Bryant*.[46] *Bryant* is a three-paragraph letter decision resolving an underinsured motorist ("UIM") claim, not a PIP claim. The *Bryant* court held that *Harper* "does not apply" to subrogated UIM claims.[47] Without *Harper*, the court concluded that the UIM insurer's personal property damage claim was subject to Section 8107, not Section 8106.[48] Here, however, Garrison's claim is not based on the UIM statute. So *Bryant* is no help to the State either.

---

[45] *But see, e.g.*, *DeVincentis v. Md. Cas. Co.*, 325 A.2d 610, 612 (Del. Super. Ct. 1974) (Section 2118 "assure[s] prompt payment to an injured party for medical expenses . . . *and property damage*." (emphasis added)).

[46] 2003 WL 22939219 (Del. Ct. Com. Pl. Aug. 15, 2003). *Bryant* itself has not been cited by another case.

[47] *Id.* at *1. *But see Spinelli*, 443 A.2d at 1291 n.10 (observing in a UIM case that it would be "incongruous" for personal injury and personal damages claims brought under the same statute and in the same case to be timed by two different statutes of limitations).

[48] *Bryant*, 2003 WL 22939219, at *1.

13

Neither ICO's cases nor any logical policy supports differentiating the time bars applicable to PIP claims for personal injury and PIP claims for property damage. To the contrary, applying different time bars would undermine Section 2118's goals.

**B. Applying different time bars to Section 2118 subrogation claims would disturb the balance Section 2118 struck between insured and insurer interests.**

Section 2118 is a bit of "compromise" legislation that reflects divergent interests.[49]  It primarily was designed to "enable persons who have been injured in automobile accidents to receive from their insurance carriers the economic benefit of immediate payment without awaiting protracted litigation."[50]  By mandating no-fault coverage, Section 2118 saved insureds from "the expense and uncertainty of automobile accident litigation."[51]

These benefits came with a price.  Under ordinary contract norms, insurers would be free to condition coverage on a no-fault finding.  But Section 2118 "significantly constrain[ed] . . . the scope and content" of insurance policies.[52]  In

---

[49] *Hall v. Russell*, 2020 WL 5051444, at *2 (Del. Super. Ct. Aug. 26, 2020).  *See, e.g.*, *Nationwide Mut. Ins. Co. v. Wooters*, 1996 WL 280778, at *8–9 (Del. Super. Ct. Jan. 31, 1996) (identifying various policy considerations).

[50] *Devaney v. Nationwide Mut. Ins. Co.*, 679 A.2d 71, 74 (Del. 1996) (internal quotation marks omitted).  *Cf. Nat'l Union Fire Ins. Co. v. Fisher*, 692 A.2d 892, 895 (Del. 1997) ("Recovery . . . should be based not upon whether there should be compensation at all, but should be based upon the type of coverage for which the insured has contracted.").

[51] *Nationwide Gen. Ins. Co. v. Hertz Corp.*, 2006 WL 2673057, at *2 (Del. Super. Ct. Sept. 18, 2006) (internal quotation marks omitted).

[52] *Selective Ins. Co. v. Lyons*, 681 A.2d 1021, 1024 (Del. 1996).

Delaware, PIP insurers contractually must bear "not only primary but ultimate liability" for loss regardless of the insured's fault.[53]

For these reasons, Section 2118 makes a PIP insurer the "proper plaintiff" in a statutory subrogation action brought against a tortfeasor's insurer for reimbursement.[54] It also forces the insurers into a regulated arbitration procedure.[55] In exchange, Section 2118 affords PIP insurers a longer limitations period for subrogating their claims than they would have had at common law. For both insurers and insureds, Section 2118 plainly aims to reduce risk and to strengthen recovery.

The State's position would undermine these goals. For example, applying Section 8107 to Section 2118 subrogation actions that allege both personal injury and property damage effectively would shrink the personal injury claim's three-year time bar. To preserve their personal property claims, insurers would need to bring their personal injury claims within two years. Otherwise, they would need to divide their claims into two separate lawsuits, with each timed on its own watch. Between

---

[53] *Fisher*, 692 A.2d at 895 (internal quotation marks omitted). *See, e.g.*, *State Farm Mut. Auto. Ins. Co. v. Nalbone*, 569 A.2d 71, 75 (Del. 1989) ("[T]he policy goals of no-fault insurance can best be served by application of . . . contract rather than tort law."); *accord Miller v. State Farm Mut. Auto. Ins. Co.*, 993 A.2d 1049, 1055 (Del. 2010).

[54] *Int'l Underwriters, Inc. v. Blue Cross & Blue Shield of Del., Inc.*, 449 A.2d 197, 199 (Del. 1982). (internal quotation marks omitted). *See State Farm Mut. Auto. Ins. Co. v. Kulow*, 483 A.2d 1121, 1124 (Del. 1984) ("[O]nly the no-fault carrier has standing to sue third part[ies]" for "damages" paid under no-fault insurance.).

[55] *See* 21 *Del. C.* § 2118(g)(3), (j).

15

that rock and hard place, insurers could lose their statutory right to recover all the payments they were compelled to make.[56] If insurers procedurally default, tortfeasors gain. They would escape liability for property damage unscathed.[57]

The Court cannot ignore "the objectives of Section 2118 and [the] interpretive case law" construing its text.[58] Nor may the Court read an unambiguous statute to produce "absurd consequences."[59] And the Court cannot "alter . . . existing statutory policy in favor of" a litigation position.[60] By enacting Sections 2118(a)(4) and (g),

---

[56] *But see Wooters*, 1996 WL 280778, at *9 ("In enacting Section 2118, the Delaware legislature made a specific determination to reimburse insurers" by recognizing their "right of subrogation.").

    Impairing insurers' subrogation rights also could lead insurers to diversify by increasing premiums. *Cf. Willis v. Cont'l Cas. Co.*, 649 F. Supp. 707, 714 (D. Del. 1986) ("A . . . major policy supporting the no-fault system is the effect of lowering the cost of insurance by eliminating the legal expenses that arise from tort suits."). By logical extension, some cases caution that Section 2118 should not be read to cause a regulatory pushout of operating costs. *See Wooters*, 1996 WL 280778, at *9 (identifying moral hazards); *see also Bass v. Horizon Assurance Co.*, 562 A.2d 1194, 1196 (Del. 1989) (identifying emergency care as a sector vulnerable to downstream costs). These concerns might overemphasize rational markets; empirical studies have not been adduced in this case. But the Supreme Court has not discredited the existence of supportive data. *See Nalbone*, 569 A.2d at 74.

[57] *But see Waters v. United States*, 787 A.2d 71, 73 (Del. 2001) ("[T]he legislature had several policy goals in mind in enacting [Section 2118], one of which was to hold the tortfeasor liable by granting the insurer a subrogation right."); *but see also Nalbone*, 569 A.2d at 74 ("[S]ubrogation will eventually place the loss upon the tortfeasor . . . [and] serve[s] the policy of deterring negligent conduct by making tortfeasors bear the full cost of their acts.").

[58] *Crum & Forster Ins. Grp. v. Wright*, 634 A.2d 373, 376 (Del. 1993) (internal quotation marks omitted).

[59] *Reddy v. PMA Ins. Co.*, 20 A.3d 1281, 1288 (Del. 2011) (internal quotation marks omitted).

[60] *Nationwide Mut. Ins. Co. v. Krongold*, 318 A.2d 606, 609 (Del. 1974).

the General Assembly unambiguously intended PIP insurers to recover all their vehicle damage losses without having to absorb or abandon them. The State's position would unjustly strip or curtail PIP insurers' statutory recovery rights and lead to absurd consequences. Accordingly, the Court must deny ICO's motion.

## C. This is not a common law tort lawsuit.

Finally, there is a suggestion in the parties' briefing that a decision on the State's motion could impact tort statutes of limitations. To be clear, this is not a negligence case brought by Garrison (as Kearse's subrogee) against Henry (as tortfeasor) or by the State (as Henry's subrogee) against Kearse (as tortfeasor). Nor could it be. A PIP subrogee cannot sue an insured tortfeasor directly to recover PIP benefits it paid in coverage.[61] As a result, this decision only addresses time bars on subrogation actions brought under Section 2118 by insurers against insurers.

## CONCLUSION

The Panel correctly found that Garrison's vehicle damage claim was timely. Accordingly, ICO's motion for judgment on the pleadings is **DENIED**.

**IT IS SO ORDERED**.

Charles E. Butler, Resident Judge

---

[61] *E.g.*, *Harper*, 703 A.2d at 140. PIP insurers can sue tortfeasors directly if they are self-insured—a status not implicated in this case. *E.g.*, *Waters*, 787 A.2d at 73–74.

17